UNITED STATES of America, Appellee,

v.

Cedric NEWTON, Defendant-Appellant.

No. 899, Docket 81–1495.

United States Court of Appeals,
Second Circuit.

Argued March 25, 1982.

Decided April 19, 1982.

Barry Bassis, The Legal Aid Society, Federal Defender Services Unit, New York City, for defendant-appellant.

Marc J. Gottridge, Asst. U. S. Atty., John H. Martin, Jr., U. S. Atty., S.D.N.Y., Walter P. Loughlin, Asst. U. S. Atty., New York City, of counsel, for appellee.

Before FEINBERG, Chief Judge, and MANSFIELD and OAKES, Circuit Judges.

PER CURIAM:

Cedric Newton appeals from a judgment of conviction entered in November 1981, after a jury trial before Charles S. Haight, J. of the United States District Court for the Southern District of New York. Appellant was found guilty of violating 8 U.S.C. § 1326, which makes it a felony for an alien who has been arrested and deported to be found in the United States without having obtained the express consent of the Attorney General before re-entering. Appellant

---

was sentenced to a one-year prison term, execution of which was suspended, and three years' probation, with a special condition that appellant obey all directions, orders and decisions of the Immigration and Naturalization Service.

Appellant states that the sole issue presented is whether he was denied due process because the trial court's jury instructions eliminated the essential element of mens rea from the crime charged. In fact, however, appellant's brief makes clear that his claim is comprised of two independent contentions. First, appellant argues that the court erred in refusing to grant his written request that the jury be instructed that the government was required to prove defendant's specific intent "to disobey or to disregard the law." We reject this argument because we find the reasoning of *Pena-Cabanillas v. United States*, 394 F.2d 785 (9th Cir. 1968), persuasive. As the Ninth Circuit pointed out, there is nothing in the language or legislative history of section 1326 to support the proposition that the government must prove specific intent. Id. at 788–90. Moreover, Congress is vested with broad discretion in defining offenses in the area of immigration. *United States v. Barajas-Guillen*, 632 F.2d 749, 752 (9th Cir. 1980). The Supreme Court's decision in *United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980), upon which appellant heavily relies, in no way undercuts the conclusion drawn in *Pena-Cabanillas*. In fact, *Bailey* explicitly found the distinction between specific and general intent to be unworkable. Id. at 403–04, 100 S.Ct. at 630–631. This, of course, is precisely the distinction embodied in the jury instruction that Judge Haight rejected.

Appellant's second claim is that the trial judge should at least have instructed the jury that appellant's good faith belief that he had permission to enter the country could constitute an affirmative defense. Appellant did not, however, submit a timely request for such an instruction to the trial judge. Certainly, a passing reference to the possibility of instructing the jury about such a defense during a colloquy on the admissibility of evidence was insufficient to put the trial judge on notice that appellant in fact desired such an instruction. This is especially true when defendant had plainly and at some length raised at trial another affirmative defense, that of coercion or duress. Under the circumstances, the trial court was not under an obligation sua sponte to instruct the jury about the availability of such an affirmative defense. See *United States v. Menendez*, 612 F.2d 51, 55 (2d Cir. 1979). We therefore leave for another day the determination of whether a good faith defense exists under section 1326.

We have considered all of appellant's arguments and find them to be without merit. We therefore affirm the judgment of the district court.