**UNITED STATES of America, Appellee,**

v.

**Stanford CHAMPEGNIE, Defendant–Appellant.**

**No. 665, Docket 90–1419.**

United States Court of Appeals, Second Circuit.

Submitted Jan. 11, 1991.

Decided Jan. 29, 1991.

Michael L. Hanuszczak, Syracuse, N.Y., for defendant-appellant.

Thomas E. Booth, Dept. of Justice, Washington, D.C. (Frederick J. Scullin, Jr., U.S. Atty. N.D.N.Y., Craig A. Benedict, Asst. U.S. Atty., Syracuse, N.Y., of counsel), for appellee.

Before WINTER and ALTIMARI, Circuit Judges, and WEXLER, District Judge.*

PER CURIAM:

Stanford Champegnie appeals from a conviction by a jury for violating 8 U.S.C. § 1326, which makes it a felony for an alien who has been previously arrested and deported to reenter the United States without the express consent of the Attorney General. Champegnie also was found guilty of willfully making a false statement to the Immigration and Naturalization Service in violation of 18 U.S.C. § 1001.

The principal issue on appeal is whether Champegnie was entitled to an instruction that a good faith belief that he had permission to reenter the country constitutes a defense to a charge of violating 8 U.S.C. § 1326. In *United States v. Newton,* 677 F.2d 16, 17 (2d Cir.) (per curiam), *cert. denied,* 459 U.S. 850, 103 S.Ct. 111, 74 L.Ed.2d 98 (1982), we deferred a decision on that issue. We now hold that a good faith or mistake defense does not exist under Section 1326.

In *Newton* we followed the Ninth Circuit in holding that the government need not show that a defendant specifically intended to disobey the law in order to prove a violation of Section 1326. Rather, we held that it need prove only that the previously deported alien intended to reenter the United States. *See Pena–Cabanillas v. United States,* 394 F.2d 785, 789–90 (9th Cir.1968); *see also United States v. Hussein,* 675 F.2d 114, 116 (6th Cir.) (per curiam), *cert. denied,* 459 U.S. 869, 103 S.Ct. 154, 74 L.Ed.2d 129 (1982); *but see United States v. Anton,* 683 F.2d 1011 (7th Cir.1982) (requiring specific intent). It is a short and logical step from that holding to the conclusion that good faith or mistaken belief on such an alien's part that he or she could reenter lawfully is not a defense. *See United States v. Espinoza–Leon,* 873 F.2d 743, 746 (4th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989); *United States v. Miranda–Enriquez,* 842 F.2d 1211, 1212 (10th Cir.), *cert. denied,* 488 U.S. 836, 109 S.Ct. 100, 102 L.Ed.2d 75 (1988). The statute contains no language requiring proof of a particular mental state. It simply states that a previously deported alien may not reenter the United States without the express consent, obtained in advance, of the Attorney General. We read the statute to mean what it says: A previously deported alien who reenters the United States does so at his or her peril, and any subjective belief as to the

---

* The Hon. Leonard D. Wexler, United States District Judge for the Eastern District of New York, sitting by designation.

legality of that act is irrelevant. *See Anton*, 683 F.2d at 1019 (Posner, J., dissenting).

 Champegnie also claims that he was denied due process because two possibly favorable eyewitnesses had been deported and therefore were unavailable to testify at his trial. However, Champegnie failed to make a "plausible showing that the testimony of the deported witnesses would have been material and favorable to his defense" and that "there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact." *United States v. Valenzuela–Bernal*, 458 U.S. 858, 873–74, 102 S.Ct. 3440, 3449–50, 73 L.Ed.2d 1193 (1982). The witnesses were Champegnie's companions, and he was in the best position to know the probable content of their testimony. His failure to make a showing as to a need for their testimony thus completely undercuts his claim of an unfair trial.

We have considered Champegnie's other arguments and have concluded they are baseless. The judgment of conviction and sentence is affirmed.