15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Julio Adolfo RENTERIA-ORTIZ, Defendant-Appellant.
 No. 93-30118.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1993.
Decided Dec. 28, 1993.
 
 Before: GOODWIN, CANBY AND KOZINSKI, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM*
 
 
 2
 Julio Adolpho Renteria-Ortiz pleaded guilty to two counts related to his illegal attempt to reenter the United States on June 21, 1992. Renteria-Ortiz now appeals his sentence under the Sentencing Guidelines. We affirm.
 
 BACKGROUND
 
 3
 On June 21, 1992, Renteria-Ortiz, a Colombian national, approached the United States border at Blaine, Washington. He presented a false Canadian driver's license and birth certificate, representing himself as Marcus John Johnson, a Canadian citizen, and attempted to enter the United States. He was subsequently arrested and charged with making a false statement in a matter within the jurisdiction of the Immigration and Naturalization Service, in violation of 18 U.S.C. Sec. 1001, and for attempting to reenter the United States following deportation, in violation of 8 U.S.C. Sec. 1326.[1]
 
 
 4
 Renteria-Ortiz pleaded guilty to both counts and was sentenced to 41 months imprisonment for the false statements count and 24 months for the wrongful reentry count, each sentence to be served concurrently. Renteria-Ortiz now alleges three bases of error in his sentence. First, he alleges that the district court erred in grouping the counts under Guideline 3D1.2(a) and applying the higher offense level for the reentry count to the false statements count. Second, he alleges that the district court erred in refusing a downward departure based on an alleged inappropriate manipulation of the indictment. Finally, he alleges that the Guidelines operate unfairly against illegal aliens and violate equal protection by "double-counting" an alien's past criminal behavior on both the criminal history and offense level axes of the sentencing table.[2]
 
 ANALYSIS
 A. Grouping of the Counts
 
 5
 The defendant pleaded guilty to two counts: false statements and attempting to reenter the United States after previous deportation. The base offense level for the false statement count was 6. U.S.S.G. Sec. 2F1.1. This offense level produces a guideline sentence range of 0-6 months under criminal history category I.[3] If Renteria-Ortiz had pleaded guilty to the false statements count alone, the maximum sentence he could have received was six months. However, the statutory maximum sentence for a false statements conviction is 60 months. 18 U.S.C. Sec. 1001.
 
 
 6
 The base offense level for the wrongful reentry count was 8. U.S.S.G. Sec. 2L1.2. Because Renteria-Ortiz was previously deported after a conviction for an aggravated felony, however, the guidelines mandate a 16 level upward adjustment. U.S.S.G. Sec. 2L1.2(b)(2). Consequently, after a two-level reduction for acceptance of responsiblity, the offense level was 22 for the reentry count. This produces a guideline sentence of 41-51 months. Yet, the statutory maximum sentence for the reentry count is 24 months. 8 U.S.C. Sec. 1326. If he had been convicted of the reentry count alone, Renteria-Ortiz's sentence would have been limited to the statutory maximum of twenty-four months.
 
 
 7
 Under Sentencing Guideline 3D1.2(a), the district court properly grouped the two counts because they involve essentially "the same victim and the same act or transaction." When counts in a single group are covered by different guidelines, the guideline that produces the highest offense level is utilized for all counts in the group. U.S.S.G. Sec. 3D1.3(a) and comment. (n. 3). Consequently, the offense level from the reentry count, after a two-level reduction for acceptance of responsibility, was applied to the false statement count, resulting in a sentence range of 41 to 51 months. In other words, grouping the counts produced the "anomalous" result that the "less serious" false statements offense caused the court to sentence Renteria-Ortiz to a much higher sentence by virtue of its higher statutory maximum sentence than he would have received under the "more serious" reentry offense alone.
 
 
 8
 Renteria-Ortiz claims that the district court was required to cap the sentence at the statutory 24-month maximum sentence of the "more serious" offense of wrongful reentry. He argues that grouping in this manner is erroneous because it nullifies Guideline 5G1.1(a). Under Guideline 5G1.1(a), when there is a statutorily authorized maximum sentence that is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence. However, Guideline 5G1.1 is inapplicable. Indeed, it is entitled, "Sentencing on a Single Count of Conviction." Renteria-Ortiz was sentenced on multiple counts of conviction, which is governed by Guideline 5G1.2, a parallel provision styled "Sentencing on Multiple Counts of Conviction." Guideline 5G1.2 allows anomalies like the one in this case to occur, but it requires the sentences in such cases to run concurrently. Although the resulting sentence may seem anomalous to Renteria-Ortiz, it is not erroneous.
 
 
 9
 B. Inappropriate Manipulation of the Indictment
 
 
 10
 The district court ruled that its power to depart downward was limited to reducing the Criminal History Category from Level III to Level I. Renteria-Ortiz argues that the district court erred because it also had the discretion to depart downward based on an "inappropriate manipulation of the indictment." As authority for this purported basis of downward departure, Renteria-Ortiz cites a Third Circuit case in which the defendant was charged both with embezzlement and with tax evasion of the amount embezzled. United States v. Lieberman, 971 F.2d 989 (3d Cir.1992). Although the Lieberman court found no prosecutorial misconduct, it ruled that the district court had the power to depart downward on the basis of an improper "manipulation of the indictment" since it was highly unusual for a prosecutor to charge a defendant with both of these crimes. Id. at 998.
 
 
 11
 This court has not recognized "manipulation of the indictment" as a ground for downward departure. Whether it is a valid basis for downward departure, we need not decide here. First, Renteria-Ortiz has failed to convince us that charging both false statements and wrongful reentry was either unusual or an inappropriate manipulation of the indictment. Indeed, our research revealed numerous cases in which both crimes were charged in the same indictment. See United States v. Gay, 7 F.3d 200 (11th Cir.1993), United States v. Smith, No. 92-1665, 1993 WL 464380 (2d Cir. Nov. 12, 1993), United States v. Champegnie, 925 F.2d 54 (2d Cir.1991), and United States v. Gallegos-Torres, 841 F.2d 240 (8th Cir.1988).
 
 
 12
 As Renteria-Ortiz implicitly recognized, the prosecutor could have charged him under 18 U.S.C. Sec. 1326(b), for illegal reentry after a prior conviction for an aggravated felony, a crime with penalties of up to fifteen years in prison. See Reply Brief at 3. Furthermore, the prosecutor sought the minimum legal sentence for Renteria-Ortiz. There was no "inappropriate manipulation."
 
 C. Equal Protection
 
 13
 Renteria-Ortiz argues that the use of the prior felony in computing both the criminal history category and the offense level constitutes "double-counting." Renteria-Ortiz argues that the guidelines violate equal protection because double-counting discriminates against illegal aliens on the basis of their national origin.
 
 
 14
 Yet, even if we assume that double-counting is unconstitutional, Renteria-Ortiz has no legitimate complaint. Renteria-Ortiz's prior conviction was not double-counted. The district court gratuitously adjusted Renteria-Ortiz's criminal history score downward from Category III to Category I to reflect more accurately Renteria-Ortiz's criminal background. In other words, the district court counted the prior conviction only on the offense level axis.
 
 CONCLUSION
 
 15
 The district court correctly applied the Sentencing Guidelines in determining Renteria-Ortiz's sentence, correctly limiting its downward departure in this case to a reduction in Renteria-Ortiz's criminal history score. Any constitutional rights that Renteria-Ortiz may possess were not violated. The sentences are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Renteria-Ortiz had previously been deported from the United States in December of 1989 following a conviction for assault with a firearm, simple assault, and forcible oral copulation
 
 
 [2]
 The government asserts that defendant did not raise in the district court the arguments he now presents on appeal, and that our review is therefore restricted to plain error. We need not address this point, because the defendant's arguments fail by any standard of review
 
 
 [3]
 The original range was 2 to 8 months under criminal history category III. However, the district court lowered Renteria-Ortiz's criminal history category to I because the court found that category III overstated his criminal background