101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Pedro Enrique PEREZ-RODRIGUEZ, Defendant-Appellant.
 No. 95-1537.
 United States Court of Appeals, Second Circuit.
 March 20, 1996.
 
 APPEARING FOR APPELLANT: GARY SCHOER, ESQ., SYOSSET, NEW YORK APPEARING FOR APPELLEE:LESLIE CORNFELD-URFIRER, ASSISTANT UNITED STATES ATTORNEY, OF COUNSEL, EASTERN DISTRICT OF NEW YORK, BROOKLYN, NEW YORK
 E.D.N.Y.
 AFFIRMED.
 Before WALKER, McLAUGHLIN and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Dearie, Judge ), and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 3
 Defendant-appellant Pedro Enrique Perez-Rodriguez appeals from a September 12, 1995 judgment of the district court convicting him, after a jury trial, of unlawfully reentering, or being found in, this country after deportation without the prior express permission of the Attorney General in violation of 8 U.S.C. § 1326. Perez-Rodriguez was sentenced to a term of ninety-six months' imprisonment, which he is serving, and three years supervised release. On appeal, Perez-Rodriguez argues that the district court erroneously (1) failed to dismiss the indictment as time-barred, (2) applied the Sentencing Guidelines in effect at the time he was "found in" this country rather than at the time he unlawfully reentered the country, (3) refused to apply the two-year maximum statutory penalty at sentencing pursuant to 8 U.S.C. § 1326(a), (4) instructed the jury that they could not consider the defense that Perez-Rodriguez did not know he reentered the country unlawfully, and (5) permitted testimony regarding false information Perez-Rodriguez provided to law enforcement officials about his citizenship prior to his arrest in this case.
 
 
 4
 An alien born in the Dominican Republic, Perez-Rodriguez first entered the United States as a permanent resident alien in February 1974. In 1983, he was deported to the Dominican Republic pursuant to 8 U.S.C. § 1326 as a result of two aggravated felony convictions in the United States. At some point prior to the fall of 1987, Perez-Rodriguez reentered this country surreptitiously and without the permission of the Attorney General; his entry was recorded neither in his passport nor in any other document. In October 1987, Perez-Rodriguez was arrested, at which time he provided information indicating that he was an American citizen. He later left the country again and returned in November 1988, upon production of a green card to airport officials but without the permission of the Attorney General. Apparently, he had failed to surrender his green card at deportation. Perez-Rodriguez was arrested in June 1994. Upon his arrest, he provided false information about his citizenship to law enforcement officers. In July 1994, the INS learned that Perez-Rodriguez had been deported and had reentered this country without the Attorney General's permission. Accordingly, in August 1994, he was arrested for unlawful reentry in violation of 8 U.S.C. § 1326.
 
 
 5
 At the outset, Perez-Rodriguez contends that his prosecution was time-barred because the applicable five-year statute of limitations, 18 U.S.C. § 3282, began running when he reentered the United States in November 1988, which he claims was a non-surreptitious entry. Under 8 U.S.C. § 1326(a), any previously deported alien who, without permission from the Attorney General, "enters, attempts to enter, or at any time is found in the United States" is guilty of a felony. In United States v. Rivera-Ventura, 72 F.3d 277, 282 (2d Cir.1995), we held that the "found in" provision of § 1326(a) "is the practical equivalent of making unlawful 'entry' a continuing offense until at least such time as the alien is located." This court specifically stated that "if an alien illegally reenters the United States after deportation, he is subject to prosecution even if the government does not discover him or the illegality of his entry until after the time to prosecute him for illegal entry has expired." Id. Thus, the statute of limitations did not begin to run until Perez-Rodriguez was "found in" this country after his arrest in 1994 and his prosecution was timely.
 
 
 6
 Perez-Rodriguez also argues that the district court should have applied the more lenient Sentencing Guidelines in effect at the time of his reentry, rather than at the time he was "found in" this country. We previously rejected this argument in United States v. Whittaker, 999 F.2d 38, 41 (2d Cir.1993), finding that the crime of reentry was committed while the defendant "remains illegally in the country until he is found here." Accordingly, the district court correctly applied the Guidelines in effect at the time Perez-Rodriguez was "found in" the United States.
 
 
 7
 Perez-Rodriguez disputes the district court's application of § 1326(b), which provides for a maximum allowable sentence of twenty years, because that provision was not charged in the indictment. While it is true that the indictment charged a violation of § 1326(a), which has a maximum statutory penalty of two years, we have held that § 1326(b) is a sentence-enhancement provision rather than a separate criminal offense. United States v. Cole, 32 F.3d 16, 18-19 (2d Cir.), cert. denied, 115 S.Ct. 497 (1994). Section 1326(b) simply provides longer statutory maximums for certain deported aliens with prior convictions who enter the United States, and this "penalty provision is applied during sentencing, even though it need not be charged in the indictment nor proved at trial." Id. at 19. Therefore, because Perez-Rodriguez had committed two aggravated felonies prior to deportation, the applicable penalty provision was § 1326(b).
 
 
 8
 Perez-Rodriguez contends that the district court erred in not instructing the jury that the subjective belief of a deportee who enters "non-surreptitiously and non-fraudulently" is relevant in determining whether the reentry was unlawful. This contention is without merit. In United States v. Champegnie, 925 F.2d 54, 55-56 (2d Cir.1991), we held that a "previously deported alien who reenters the United States does so at his or her peril, and any subjective belief as to the legality of that act is irrelevant." Appellant's further argument that the jury should have been instructed that they could consider that the "actions of the INS [airport officials] constituted 'express permission of the Attorney General' through his delegated official" is similarly without merit.
 
 
 9
 Finally, Perez-Rodriguez claims that the district court violated Federal Rule of Evidence 401 by improperly admitting irrelevant testimony concerning his prior misstatements to law enforcement officials concerning his citizenship and place of birth. The district court properly admitted this evidence as evidence of consciousness of guilt.
 
 
 10
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.