101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Victor Edward KIENDRA, Defendant-Appellant.
 No. 95-1558.
 United States Court of Appeals, Second Circuit.
 April 17, 1996.
 
 1
 Appearing for Appellant: Kathryn M. Kase, Albany, N.Y.
 
 
 2
 Appearing for Appellee:George A. Yanthis, Ass't U.S. Att'y, NDNY, Albany, N.Y.
 
 
 3
 N.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before KEARSE, ALTIMARI, Circuit Judges, and MORAN, District Judge*.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was submitted by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 8
 Defendant Victor Edward Kiendra appeals from a final judgment entered in the United States District Court for the Northern District of New York following a jury trial before Thomas J. McAvoy, Chief Judge, convicting him on one count of attempting to reenter the United States in violation of 8 U.S.C. § 1326, and two counts of making a false statement on a government document, in violation of 18 U.S.C. § 1001. On appeal, Kiendra contends that his prior deportation from the United States in 1990 may not properly be used as a basis for his present prosecution because the 1990 deportation proceedings violated his right to due process. In addition, he challenges the district court's refusal to charge the jury that good faith could be a defense to the crime of attempted illegal entry. Finding no merit in his contentions, we affirm.
 
 
 9
 Kiendra contends that his right to due process was violated by the January 11, 1990 deportation proceeding because the Immigration Judge ("IJ") failed to obtain knowing waivers of his right to counsel and to appeal, and the INS failed to follow its own regulations. The record of the hearing does not support his contention that he did not knowingly waive the right to counsel and the right to appeal. Rather, the transcript reflects that the IJ asked Kiendra whether he understood that he had the right to have an attorney represent him; Kiendra answered in the affirmative. The IJ informed Kiendra that he was "entitled to delay the hearing if [he] wish[ed] either to better prepare [his] case or to acquire an attorney." Kiendra stated, "I prefer to go forward." The IJ also clearly explained to Kiendra that Kiendra had the right to appeal the IJ's decision to the federal court; Kiendra stated that he understood, and he acknowledged that he had received a copy of Form I-618, entitled "Written Notice of Appeal Rights." See 8 C.F.R. § 242.16(a) (IJ must ascertain whether alien has received copy of Form I-618, Written Notice of Appeal Rights). Other portions of the transcript confirm that Kiendra was capable of making knowing and intelligent responses to questions posed by the IJ. We conclude that the district court properly rejected Kiendra's contention that the 1990 proceeding violated his right to due process.
 
 
 10
 Kiendra's contention that the INS failed to follow its own regulations by failing to (a) give him a list of free legal services and (b) inform him that he had the right to contact the British consulate provides no basis for reversal for he has not shown that either failure caused him prejudice. Any suggestion that Kiendra was disadvantaged by not being given a list of free legal services is contradicted by his acknowledgement of his right to counsel and his rejection of the offer of an adjournment to permit him to obtain counsel, saying that he preferred to proceed without delay. Nor has Kiendra alleged, much less shown, that the failure to notify him of his right to contact the British consulate prejudiced him in the defense of the 1990 deportation charges.
 
 
 11
 Kiendra's contention that the trial court should have instructed the jury that his alleged good faith was a valid defense to a charge of unlawful attempted reentry into the United States following deportation is meritless. See United States v. Champegnie, 925 F.2d 54, 55-56 (2d Cir.1991) (per curiam) ("A previously deported alien who reenters the United States does so at his or her peril, and any subjective belief as to the legality of that act is irrelevant.").
 
 
 12
 Accordingly, the judgment of the district court is affirmed.
 
 
 13
 Kiendra's attorney, after filing the brief on this appeal, moved to be relieved as Kiendra's counsel on the ground that Kiendra wished to have new counsel appointed for him in order to make arguments that his present attorney found not worthy of pursuit. Counsel's motion to withdraw is denied, without prejudice to renewal pursuant to Second Circuit Local Rule 4(b) after advising Kiendra in writing and informing him of the procedures for filing a petition for a writ of certiorari to the Supreme Court pro se.
 
 
 
 *
 Honorable James B. Moran, of the United States District Court for the Northern District of Illinois, sitting by designation