**UNITED STATES of America, Appellee,**

v.

**Danny Eklain BARNES, Defendant–Appellant.**

**Docket No. 00–1619.**

United States Court of Appeals, Second Circuit.

Argued Feb. 28, 2001.

Decided March 27, 2001.

John E. Rogowski, Assistant United States Attorney, Western District of New York, Buffalo, NY, (Denise E. O'Donnell, United States Attorney, on the brief), for Appellee.

Joseph B. Mistrett, First Assistant Defender, Federal Public Defender's Office, Western District of New York, Buffalo, NY, (Marybeth Covert, of counsel, on the brief), for Defendant–Appellant.

Before JACOBS, STRAUB, and POOLER, Circuit Judges.

PER CURIAM:

Danny Eklain Barnes appeals from a judgment entered by the United States District Court for the Western District of New York (Arcara, *J.*), convicting him upon a plea of guilty to attempted entry of the United States following deportation, in violation of 8 U.S.C. § 1326(a). At the sentencing hearing, the district court ruled that Barnes' sentence was governed by § 1326(b)(2) because his deportation followed a conviction for an aggravated felo-

ny. The court sentenced Barnes principally to 57 months imprisonment.

■ On appeal, Barnes argues that (1) there was an inadequate factual basis for his plea, and (2) his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because § 1326(b)(2), which authorizes a maximum prison term of 20 years for a person whose deportation followed a conviction for an aggravated felony, must be construed as setting out an offense distinct from the one described in § 1326(a), which does not mention prior convictions and limits the term of imprisonment to two years. We reject the *Apprendi* argument for the reasons stated in *United States v. Latorre–Benavides*, 241 F.3d 262 (2d Cir.2001) (per curiam). We write to address the factual basis for the guilty plea. Because Barnes did not argue the point to the district court, we review the trial judge's acceptance of the plea for plain error. *See United States v. Keppler*, 2 F.3d 21, 23 (2d Cir.1993).

■ Under Rule 11(f) of the Federal Rules of Criminal Procedure, a court may accept a guilty plea only if the court is satisfied "that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir.1997). A defendant violates § 1326(a) if he is an "alien who has been … deported … and thereafter … attempts to enter … the United States" without the consent of the Attorney General. Barnes admitted at his plea allocution that (1) he is an alien, (2) he was deported, and (3) he thereafter attempted to enter the United States without having first obtained the permission of the Attorney General. Under the plain wording of the statute, there was a factual basis for the guilty plea.

■ Nevertheless, Barnes argues that the crime of attempted entry requires the finding of an additional element: the making of a false claim of citizenship or non-resident alien status at the port of entry. Barnes never admitted to making a false claim, and he asserts that there was no factual basis for such a finding.

The statutory text quoted above provides no support for grafting a "false claim" requirement onto the offense of attempted entry. And our caselaw has consistently rejected attempts to add to the statute's requirements. For instance, in *United States v. Newton*, 677 F.2d 16 (2d Cir.1982) (per curiam) we held that to establish a § 1326(a) violation, the government was not required to prove that the alien intended to disobey the law. *Id.* at 17. The government instead need only show "that the previously deported alien intended to re-enter the United States." *United States v. Champegnie*, 925 F.2d 54, 55 (2d Cir.1991) (per curiam) (citing *Newton*, 677 F.2d at 17). And in *Champegnie*, we rejected the contention that an alien may assert a defense of "good faith or mistaken belief … that he or she could reenter lawfully." *Id.*, 925 F.2d at 55; *see also id.* ("We read the statute to mean what it says: A previously deported alien who reenters the United States does so at his or her peril, and any subjective belief as to the legality of that act is irrelevant.").

Undeterred by these cases and the plain text of the law, Barnes relies on a recent Fifth Circuit opinion, *United States v. Angeles–Mascote*, 206 F.3d 529 (5th Cir.2000). The *Angeles–Mascote* case does indeed state that the crime of attempted entry "requires" the making of a "false claim of citizenship or non-resident alien status." *Id.* at 531 (citing *United States v. Cardenas–Alvarez*, 987 F.2d 1129, 1132–33 (5th Cir.1993)). However, that statement is dictum and unsound. The *Angeles–Mascote* opinion did not undertake to formulate the elements of "attempted entry;" the opinion explains what *additional elements* the government must prove to secure a conviction for "actual entry." The dictum concerning "attempted entry" apparently was induced by the facts of *Cardenas–Alvarez*, a Fifth Circuit precedent upon

which *Angeles–Mascote* relied. *See Cardenas–Alvarez*, 987 F.2d at 1132 (in attempting to enter, defendant falsely declared that he was a United States citizen, then falsely claimed to be a legal resident alien).

In any event, Angeles–Mascote apparently made no false claim, and the Fifth Circuit noted nevertheless that the "appropriate indictment in the present case would have been to charge Angeles–Mascote with *attempting to enter.*" *Angeles–Mascote*, 206 F.3d at 531 (emphasis added).

 Barnes' other argument for adding a "false claim" requirement relies on a line of our cases concerning the clause in § 1326(a) that makes it a crime for a previously deported alien to be "found in" the United States. We have held that a deported alien commits that offense when he enters this country " 'surreptitious[ly]' " or " 'by means of specious documentation that conceals the illegality of his presence.' " *United States v. Acevedo*, 229 F.3d 350, 354 (2d Cir.2000) (quoting *United States v. Rivera–Ventura*, 72 F.3d 277, 281 (2d. Cir.1995)). Barnes believes that these holdings apply equally to the attempted entry offense. He is incorrect.

Congress created the "found in" offense "to make it clear that if an alien illegally reenters the United States after deportation, he is subject to prosecution *even if the government does not discover him or the illegality of his entry* until after" the statute of limitations expires on the "actual entry" offense. *Rivera–Ventura*, 72 F.3d at 282 (emphasis added). The "found in" crime in effect extends the statute of limitations on the actual entry offense, but only when the government can show that it did not "know, or with the exercise of diligence typical of law enforcement authorities could have discovered" the illegal nature of the entry when it occurred. *Id.* at 282. Two ways to make this showing are to prove that the alien made " 'a surreptitious border crossing' " or that the alien " 'enter[ed] through a recognized port by means of specious documentation that conceal[ed] the illegality of his presence.' " *Acevedo*, 229 F.3d at 355 (quoting *Rivera–Ventura*, 72 F.3d at 281).

In sum, there is no support for Barnes' argument that a person commits the crime of "attempted entry" only if he makes a false claim of citizenship or non-resident alien status at the port of entry. The district court therefore did not plainly err in accepting Barnes' plea of guilty to violating § 1326(a).

The conviction is affirmed.