UNITED STATES of America,
Appellee,

v.

Orville OWENS, also known as Ratty,
Earl Josephs, also known as Quame,
Defendants–Appellants.

Docket Nos. 02–1086 L, 02–1222 CON.

United States Court of Appeals,
Second Circuit.

May 29, 2003.

Robert L. Moore, Hempstead, NY, for
Defendant–Appellant Owens.

Earle Giovanniello, New Haven, CT, for
Defendant–Appellant Josephs.

Michael J. Gustafson, Assistant United
States Attorney for the District of Con-
necticut (Kevin J. O'Connor, United States
Attorney; Jeffrey A. Meyer, Assistant
United States Attorney, on the brief),
Hartford, CT, for Appellee.

PRESENT: KEARSE, STRAUB, and
RAGGI, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT
BE PUBLISHED IN THE FEDERAL
REPORTER AND MAY NOT BE CIT-
ED AS PRECEDENTIAL AUTHORITY
TO THIS OR ANY OTHER COURT,
BUT MAY BE CALLED TO THE AT-
TENTION OF THIS OR ANY OTHER
COURT IN A SUBSEQUENT STAGE
OF THIS CASE, IN A RELATED CASE,
OR IN ANY CASE FOR PURPOSES
OF COLLATERAL ESTOPPEL OR
RES JUDICATA.

At a stated term of the United States
Court of Appeals for the Second Circuit,
held at the United States Courthouse, Fo-
ley Square, in the City of New York, on

the 29th day of May, two thousand and three.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of the District Court are hereby AFFIRMED and the motion of Appellant Josephs's counsel to be relieved is hereby GRANTED.

Appellant Orville Owens ("Owens") appeals from a judgment of conviction entered January 24, 2002, pursuant to his guilty plea, by the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*). Owens argues that his plea allocution on the second count of the indictment, which charged that he participated in a conspiracy to affect interstate commerce by robbery, did not adequately establish the factual basis for his guilty plea. He does not raise any challenges to the other three charges to which he pleaded guilty.

Our review of the District Court's finding that there was a factual basis for Owens's guilty plea is governed by the plain error standard because Owens made *no* objection below to any purported violations of Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) ("We hold that a silent defendant has the burden to satisfy the plain-error rule."); *United States v. Barnes,* 244 F.3d 331, 333 (2d Cir.2001) (per curiam).

Owens asserts that "[i]n the case at bar, neither the defendant's allocution, nor the Government's recitation of its proof established a factual basis for the crime of conspiracy." We disagree and find that the District Court did make a sufficient record at the plea hearing of the factual basis for Owens's guilty plea. In response to questions put to him by the court during his plea hearing, Owens admitted that he "agreed with" his codefendant, Earl Josephs, to do the act specified in the second count of the indictment. The court then clarified: "you and Mr. Josephs got together and determined to do this; that is to steal marijuana?" When Owens did not respond, the court continued: "Yes or no? This is what the count charges; this was an agreement between you and Mr. Josephs." Owens responded "Yes." Later in the hearing, Owens confirmed that he "had agreed ... to go to this place and get the marijuana." Although he claimed that he initially wasn't aware that it was going to be a robbery, he conceded that "eventually I knew it was going to be a robbery after we reached there." In addition, after the government outlined the elements of this count and reviewed the evidence that it would introduce at Owens's trial to establish these elements, Owens did not challenge this summary of evidence.

Even if we were to determine, as Owens argues, that the District Court made an insufficient record during the plea hearing in violation of Rule 11, we would find that the error did not affect Owens's "substantial rights" under Rule 11(h). The Supreme Court in *Vonn* clearly held that "a reviewing court may consult the *whole record* when considering the effect of any [Rule 11] error on substantial rights." 535 U.S. at 59 (emphasis added). Thus, for purposes of *this* inquiry, we may consider evidence that was made part of the record, including both the tape-recorded admissions Owens made to a fellow inmate-informant describing his integral role in gaining access to the victim's apartment and the detailed confession that Owens signed thereafter in which he explained that "[t]he works were to go and rob [the victim] for 50 pounds of weed." We may also consider the similarly inculpatory statements Owens made during the sentencing phase of the case. We have considered all of the other arguments made by Owens and find them to be without merit.

Appellant Earl Josephs ("Josephs") appeals, *pro se*, from a judgment of conviction entered by the District Court on March 28, 2002. Like his codefendant, Owens, Josephs pleaded guilty to all four counts of the indictment. Josephs's counsel moves to be relieved pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he affirms that there are no non-frivolous issues for appellate review. In light of Josephs's counsel's motion, the government moves for a summary affirmance of Josephs's conviction and sentence.

Upon due consideration, it is hereby ORDERED that, with respect to the judgment of conviction as to Appellant Josephs, the Appellee's motion for summary affirmance and Josephs's counsel's motion to be relieved pursuant to *Anders* are granted since there are no non-frivolous issues for appeal. For the reasons outlined above, the judgments of the District Court as to both Appellant Owens and Appellant Josephs are hereby AFFIRMED.