**UNITED STATES of America,**
**Appellant,**

v.

**Philip JOHNSON, also know as Robert Johnson, also know as Andres Gomez, also know as Antoine John Louise, also know as John Louis Anitgine, also know as Gene Louis, also know as Jean A. Louis, also know as Gene Pepe, also known as Philipi Johnson, Defendant–Appellee.**

**Docket No. 03–1173.**

United States Court of Appeals,
Second Circuit.

Jan. 14, 2004.

Earle Giovanniello, New Haven, CT, for Appellant.

Shannon Jones, Assistant United States Attorney, Eastern District of New York, N.Y., for Appellees.

Present: MESKILL, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

On August 17, 1987, Johnson, a native and citizen of Panama, was convicted of criminal possession of cocaine in the third degree, in violation of New York State Penal Law § 224.39. On May 29, 1991, Johnson was charged with being deportable as an alien convicted of a drug-related offense and for remaining in the United States longer than permitted. On July 21, 1993, Johnson was deported to Panama. At that time, he signed a form acknowledging that he understood that he cannot reenter the United States without first seeking permission from the Attorney General. In 1997, Johnson re-entered the United States. On April 12, 1999, Johnson was again convicted of criminal possession of a controlled substance. The INS was

notified, and it issued a decision to reinstate the 1992 order of deportation, pursuant to which Johnson was again deported on August 10, 1999. On March 1, 2000, Johnson was again found in the United States. On August 29, 2000, a superceding indictment was filed charging Johnson with reentry after being deported based on being convicted of an aggravated felony. On April 3, 2002, the Government moved *in limine* to exclude evidence that Johnson did not have a specific intent to violate Section 1326 or that he believed in good faith that his reentry into the United States was not unlawful. The district court orally granted this motion, and instructed the jury not to consider Johnson's good faith or whether he intended to enter the country unlawfully. On June 4, 2002, the jury returned a verdict convicting Johnson of illegally reentering the United States. On March 11, 2003, the district court sentenced Johnson to 68 months imprisonment.

Johnson's sole contention on appeal is that this Court should overrule past precedent and find that good faith is a defense to a charge of illegal reentry under 8 U.S.C. § 1326. The district court's interpretation of whether there is a good faith defense under Section 1326 is a question of law; accordingly, this Court's review of that interpretation is *de novo.* *See United States v. Bronx Reptiles,* 217 F.3d 82, 86 (2d Cir.2000).

Johnson contends that he should have been allowed to present evidence that he believed in good faith that his past military service in the United States armed forces qualified him for naturalization, and he consequently did not know that he was not permitted to reenter the United States. *United States v. Champegnie* expressly held that "a good faith or mistake defense does not exist under Section 1326." 925 F.2d 54, 55 (2d Cir.1991) (per curiam). Instead, the government need only show

"that the previously deported alien intended to re-enter the United States." *United States v. Barnes*, 244 F.3d 331, 333 (2d Cir.2001). Numerous cases from this circuit have consistently applied and affirmed *Champegnie's* holding. *See, e.g., Id.; United States v. Acevedo*, 229 F.3d 350, 358 (2d Cir.2000); *United States. v. Martus*, 138 F.3d 95, 97 (2d Cir.1998); *United States v. Torres–Echavarria*, 129 F.3d 692, 697–698 (2d Cir.1997). Further, the rule announced in *Champegnie* is sound, and there is "nothing in the language or legislative history of section 1326 to support the proposition that the government must prove specific intent." *Martus*, 138 F.3d at 97.

Accordingly, the Court hereby AFFIRMS the judgment of conviction.