**UNITED STATES of America,**
**Appellee,**

v.

**Gheorge CROITORU, a/k/a Flip,**
**Defendant–Appellant.**

**No. 08–1765–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 13, 2009.

Gheorghe Croitoru, Phillipsburg, PN, pro se.

Benton J. Campbell, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney, Paul A. Tuchmann, Assistant United States Attorney, Brooklyn, NY, for Appellee.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges, Hon. JOHN F. KEENAN,\* District Judge.

### SUMMARY ORDER

Defendant–Appellant Gheorge Croitoru, *pro se,* appeals from the April 10, 2008, 2008 WL 973093, judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.* ) sentencing him to 24 months' imprisonment for his conviction of attempting to enter the United States after having been deported following his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

■ As in the proceedings below, Croitoru primarily contends that he is a citizen of the United States. The district court's determination that Croitoru is not a United States citizen is a question of law which is reviewed *de novo.* *See United States v. Copeland,* 376 F.3d 61, 66 (2d Cir.2004). Until 2001, 8 U.S.C. § 1432(a) provided that a child born to alien parents outside of the United States became a United States citizen if, *inter alia,* both parents were naturalized while the child was under the age of eighteen. Here, the parties stipulated that Croitoru's father did not become a citizen until May 1998, when Croitoru was nineteen years old. While Croitoru's mother's naturalization alone would be sufficient for Croitoru to obtain derivative citizenship under current law, *see* 8 U.S.C. § 1431(a), this Court has held that the 2001 amendments to the derivative citizenship provision do not apply retroactively. *See Drakes v. Ashcroft,* 323 F.3d 189, 191 (2d Cir.2003). Accordingly, the district court properly found that Croitoru is not a citizen of the United States.

To the extent that Croitoru seeks to challenge his immigration proceedings, 8 U.S.C. § 1326(d) provides that an alien charged with illegal reentry may not challenge the validity of his deportation order unless he demonstrates that he has exhausted his administrative remedies, the deportation proceedings "improperly deprived the alien of the opportunity for judicial review," and the entry of the deportation order was fundamentally unfair. *See United States v. Scott,* 394 F.3d 111, 116–17 (2d Cir.2005) (discussing requirements of this section). To establish that a deportation order was fundamentally unfair, a defendant must show that a proce-

**664**

dural error occurred and that he would not have been removed if not for the error. *See United States v. Fernandez–Antonia,* 278 F.3d 150, 159 (2d Cir.2002).

■ Croitoru failed to develop the record on the issues pertinent to § 1326(d) and is therefore precluded from challenging the order of deportation. To the extent that he has addressed the relevant considerations, it appears that he has not exhausted his administrative remedies, as he admitted in district court that he waived his right to appeal and he has not filed a motion to reopen his deportation proceedings or argued that his waiver was involuntary. *See United States v. Perez,* 330 F.3d 97, 101 (2d Cir.2003) (holding a motion to reopen satisfies § 1326(d)'s exhaustion requirement if the alien did not directly appeal the deportation order). As Croitoru has not established that he exhausted his administrative remedies, he has "forfeited his right to mount a collateral attack on the order of deportation previously issued." *United States v. Johnson,* 391 F.3d 67, 77 (2d Cir.2004) (finding it unnecessary to review other requirements of § 1326(d) where alien failed to exhaust administrative remedies).

Although Croitoru contends that he received ineffective assistance of counsel in the present matter before electing to proceed *pro se,* this Court disfavors ineffective assistance claims on direct appeal, preferring such arguments to be made in a 28 U.S.C. § 2255 motion. *See United States v. Wellington,* 417 F.3d 284, 288 (2d Cir. 2005). However, we may exercise our discretion to decide ineffective assistance claims on direct appeal, and do so here due to the "patent lack of merit of defendant's ineffective assistance claim." *Id.* The only ineffectiveness Croitoru has alleged is his counsel's failure to argue that Croitoru is a United States citizen, but "[f]ailure to make a meritless argument does not amount to ineffective assistance." *United*

*States v. Arena,* 180 F.3d 380, 396 (2d Cir.1999). Accordingly, Croitoru's claim for ineffective assistance must be denied.

As to Croitoru's claim that he believed he could return to the United States after five years, he testified at trial that an immigration judge informed him that he could never return and, in any event, this Court has held that "[a] previously deported alien who reenters the United States does so at his or her peril, and any subjective belief as to the legality of that act is irrelevant." *United States v. Champegnie,* 925 F.2d 54, 55–56 (2d Cir.1991) (holding there is not a good faith or mistake defense to § 1326). Finally, Croitoru forfeited his argument that a witness committed perjury by raising the claim only in his reply brief, *see United States v. Yousef,* 327 F.3d 56, 115 (2d Cir.2003), and has not challenged any aspect of his sentence.

Accordingly, the judgment of the district court is AFFIRMED.