United States v. Santiago

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand fifteen.

PRESENT:
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                14-730

LESTER GRAHAM, SEAN CRUZ,

> *Defendants*,

ROBERTO SANTIAGO, AKA
Tuto, AKA Sealed Defendant 1,
AKA Roberto I. Santiago,

> *Defendant-Appellant*.

———————————————————————————

**FOR DEFENDANT-APPELLANT:**   Robert Joseph Boyle (Laurie S. Hershey, *on the brief*), New York, New York.

**FOR APPELLEE:**   Ryan P. Poscablo and Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Roberto Santiago appeals from a judgment of conviction entered following his guilty plea to one count of conspiracy to distribute 100 grams of heroin in violation of 21 U.S.C. § 841(b)(1)(B). Santiago argues that (1) the district court erred by failing to vacate his guilty plea and dismiss his indictment *sua sponte* after the evidence at a <u>Fatico</u> hearing in connection with his sentencing[1] disproved the government's allegations that Santiago participated in a large-scale heroin mill; (2) in light of the evidence at the hearing, the district court erred in calculating his drug quantity and in imposing a leadership enhancement, thus rendering his sentence procedurally unreasonable; (3) his sentence was substantively unreasonable because the district court failed to consider his underprivileged background and lack of a prior criminal record; and (4) his attorney provided ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] Evidentiary hearings to resolve factual disputes related to sentencing are commonly referred to as <u>Fatico</u> hearings after <u>United States v. Fatico</u>, 603 F.2d 1053 (2d Cir. 1979).

2

First, Santiago argues that the district court's determination after a <u>Fatico</u> hearing that he did not participate in managing a large-scale heroin mill run by co-defendant Sean Cruz undermined its determination of a factual basis for his guilty plea, requiring it to vacate Santiago's guilty plea and dismiss his indictment *sua sponte*.  Under Rule 11(b)(3) of the Federal Rules of Criminal Procedure, a court may not enter judgment on a defendant's guilty plea without "determin[ing] that there is a factual basis for the plea."  <u>United States v. Garcia</u>, 587 F.3d 509, 514 (2d Cir. 2009), quoting Fed. R. Crim. P. 11(b)(3).  Rule 11(b)(3) does "not require that the court be satisfied that a jury would return a verdict of guilty," or that it "weigh evidence to assess whether it is even more likely than not that the defendant is guilty."  <u>United States v. Maher</u>, 108 F.3d 1513, 1524 (2d Cir. 1997).  The court need "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty."  <u>Garcia</u>, 587 F.3d at 514 (internal quotation marks omitted).  While we ordinarily review the district court's determination for abuse of discretion, see <u>United States v. Smith</u>, 160 F.3d 117, 122 (2d Cir. 1998), we review Santiago's unpreserved challenge only for plain error, see <u>United States v. Barnes</u>, 244 F.3d 331, 333 (2d Cir. 2001).

Under plain error review or any other, the <u>Fatico</u> hearing did not undermine the district court's determination that Santiago's guilty plea to conspiring to distribute heroin was supported by an independent basis in fact.  In connection with his guilty plea, Santiago admitted that he agreed with others to distribute at least 100 grams of heroin and took affirmative acts in furtherance of that conspiracy.  Although the court concluded that Santiago did not participate in managing a large heroin mill run by Sean Cruz, Santiago's own testimony at the <u>Fatico</u> hearing confirmed that, throughout the period identified in the indictment, he conspired with two other individuals to run a smaller heroin mill.  Regardless of whether Santiago distributed heroin

3

through Cruz's large-scale operation or through his own smaller drug ring, there is no doubt that the conduct to which he admitted is an offense that is punishable under 21 U.S.C. § 841(b)(1)(B) and encompassed within the conspiracy charged in the indictment.

Even assuming that the guilty plea required evidence that Santiago conspired to distribute heroin with Cruz himself, Santiago's testimony about his relationship with Cruz sufficed to meet that burden in this case. Although a buyer-seller relationship generally "cannot serve as the basis for a charge of conspiracy to transfer drugs," United States v. Parker, 554 F.3d 230, 234 (2d Cir. 2009), such a relationship may support a conviction if the evidence reveals that the parties "shared a conspiratorial purpose to advance other transfers, whether by the seller or by the buyer," id. at 235. Here, Santiago testified that he relied on Cruz as his regular supplier; that he frequently bought large quantities of drugs from Cruz, often on credit; that he discussed assuming managerial responsibility for Cruz's distribution operations; and that he visited Mexico with Cruz to meet Cruz's supplier. The district court did not err in finding Santiago's testimony at the Fatico hearing fully consistent with his guilty plea to conspiring to distribute heroin.

Second, Santiago argues that his sentence of 144 months' imprisonment was procedurally unreasonable because, based on the evidence at the Fatico hearing, the district court incorrectly calculated the drug quantity involved in his offense and erroneously applied a two-level leadership enhancement. Because Santiago failed to raise any of those procedural objections below, we review his challenges only for plain error. United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007). A sentence is procedurally reasonable so long as it complies with the procedural requirements of the Sentencing Reform Act. United States v. Preacely, 628 F.3d 72, 79 (2d Cir. 2010). A district court commits procedural error, among other things, "by making a mistake in its Guidelines calculation" or "by resting its sentence on a clearly erroneous finding

4

of fact." Id. (internal quotation marks omitted). However, the district court "may accept any undisputed portion of the presentence report as a finding of fact" at the time of the sentencing hearing. United States v. Rizzo, 349 F.3d 94, 99 (2d Cir. 2003). Where the defendant "fails to challenge factual matters contained in the presentence report at the time of sentencing," he "waives the right to contest them on appeal." Id.

As part of Santiago's plea agreement with the government, the parties stipulated that Santiago had distributed over 10 kilograms of heroin in the course of his criminal conspiracy. Because Santiago agreed to that drug quantity and failed to challenge that same factual finding in his presentencing report, he has waived the right to contest the drug quantity on appeal. See id. Even were we to reach Santiago's challenge, Santiago cannot carry his burden of demonstrating that the district court committed plain error in calculating the drug quantity. The district court's reasonable reliance on the undisputed facts contained in Santiago's presentencing report precludes the argument that the court's calculation was "clear[ly] or obvious[ly]" erroneous, and Santiago has offered no evidence suggesting that the district court might have reached a smaller drug quantity upon reconsideration, such that its failure to recalculate the drug quantity after the Fatico hearing prejudiced his case. See United States v. Marcus, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

Similarly, the district court did not err by adopting the two-level leadership enhancement under U.S.S.G. § 3B1.1(c), as recommended by the presentencing report and stipulated by both parties. Although Santiago suggests that the Fatico hearing disproved the government's allegation that he played any supervisory role in Cruz's heroin mill, his own testimony confirmed that he supervised two lower-ranked employees in connection with his heroin distribution activities. That testimony was sufficient to establish that Santiago was "an

5

organizer, leader, manager, or supervisor in any criminal activity" for the purposes of a two-level enhancement under § 3B1.1(c).

Third, Santiago claims that his 144-month sentence is substantively unreasonable because the district court failed to take into account his underprivileged upbringing and his otherwise clean criminal record. We review a defendant's challenges to the substantive reasonableness of his sentence in light of "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." United States v. Preacely, 628 F.3d 72, 79 (2d Cir. 2010) (internal quotation marks omitted). Our review "provide[s] a backstop for those few cases" that would "damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

Santiago's twelve-year sentence was not substantively unreasonable. Contrary to Santiago's claim that the judge failed to consider his family history and disabilities in imposing his sentence, the district court in fact explicitly considered both factors in deciding to depart downward from the Guidelines' recommended range of 168 to 210 months' imprisonment. And although Santiago argues that his lack of a prior criminal record should have inclined the district court toward greater leniency, the district court reasonably noted that Santiago was far from a "first-time" drug dealer, having distributed a large amount of heroin over an extended period of time. Considering the size of Santiago's heroin operation, and the fact that Santiago's sentence actually fell below the recommended Guidelines range, district court's sentence was not so "shockingly high" as to constitute an abuse of discretion. Rigas, 583 F.3d at 123.

6

Finally, Santiago claims that his trial attorney provided ineffective assistance of counsel by failing to raise the foregoing arguments below. To establish inefficient assistance of counsel, a defendant must show two things: first, that his counsel's performance was so objectively deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance"; and second, that the deficient performance prejudiced his defense. Bennett v. United States, 663 F.3d 71, 84 (2d Cir. 2011) (internal quotation marks omitted). While appellate courts generally avoid considering claims of ineffective assistance of counsel on direct appeal, see United States v. Brown, 623 F.3d 104, 112 (2d Cir. 2010), we may reach such claims where their resolution "is beyond any doubt," United States v. Hasan, 586 F.3d 161, 170 (2d Cir. 2009) (internal quotation marks omitted). Santiago's ineffective assistance claim is based entirely on his attorney's failure to raise the arguments he now raises on appeal. As we have determined that those claims lack merit, Santiago cannot establish either that his lawyer below was deficient in failing to raise them or that the failure prejudiced him in any way. See United States v. Regalado, 518 F.3d 143, 149 n.3 (2d Cir. 2008) ("[F]ailure to make a meritless argument does not amount to ineffective assistance.") (internal quotation marks omitted).

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7