**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-10459

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL ANGELES-MASCOTE, etc.

Defendant-Appellant,

Appeal from the United States District Court
for the Northern District of Texas

March 14, 2000

Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Following a guilty plea, the district court convicted Jose Manuel Angeles-Mascote ("Angeles-Mascote") of illegal re-entry after deportation in violation of 8 U.S.C. § 1326. On appeal Angeles-Mascote contends that the record contains an inadequate factual basis to support his guilty plea. For the following reasons we vacate Angeles-Mascote's conviction, and remand this case to the district court for entry of a new plea.

FACTUAL AND PROCEDURAL BACKGROUND

In November 1998, Angeles-Mascote was indicted for knowingly and unlawfully entering and being found in the United States after being deported, in violation of 8 U.S.C. § 1326. Angeles-Mascote plead guilty and the district court entered judgment accordingly. The district court sentenced Angeles-Mascote to 46 months imprisonment and three years supervised release.

To support Angeles-Mascote's guilty plea the government offered a factual resume to establish the factual basis for the defendant's guilty plea. The factual resume included the following information. On October 19, 1998 Angeles-Mascote, a citizen of Mexico, arrived at

Dallas Fort Worth International Airport on a flight from Guadalajara, Mexico. He presented an alien registration card to a United States Immigration officer. The officer ran the alien registration card through a computer system which maintains records of aliens that have been deported from the United States. The computer provided a positive response to the defendant's name, showing that he had previously been arrested and deported from the United States. Angeles-Mascote is a citizen of Mexico. He has never been a United States citizen, and has never received permission from the Attorney General of the United States to re-enter this country. Angeles-Mascote has never applied for admission to the United States.

## DISCUSSION

A trial court cannot accept a guilty plea unless there is a sufficient factual basis for that plea. See FED. R. CRIM. P. 11(f); United States v. Johnson, 194 F.3d 657, 659 (5th Cir. 1999); United States v. Gobert, 139 F.3d 436, 439 (5th Cir. 1998). This factual basis must appear in the record and be sufficiently specific to allow the court to determine whether the defendant's conduct is within the "ambit of the statute's prohibitions." Gobert, 139 F.3d at 439. The purpose of this rule is to protect a defendant who pleads with an understanding of the charge, but "without realizing that his conduct does not actually fall within the definition of the crime charged." Johnson, 194 F.3d at 660.

We have generally found that a district court's acceptance of a guilty plea is a factual finding which we review under the clearly erroneous standard. See e.g., United States v. Adams, 961 F.2d 505, 508 (5th Cir. 1992). However, recently we have stated that when a defendant, for the first time on appeal, presents a "straight forward issue of law: is the undisputed factual basis sufficient as a matter of law to sustain his plea," we will review for plain error. Johnson, 194 F.3d at 660 (citing United States v. Ullola, 94 F.3d 949, 955 (5th Cir. 1996)). In the present case, Angeles-Mascote presents his argument questioning the sufficiency of the factual basis for his guilty plea for the first time on appeal. Therefore, we will review his claim for plain error. Under this standard the appellant must show: 1) that there was error, 2) that the error was clear and

obvious, and 3) that it affected the appellant's substantial rights.  Id. (citation omitted).  Even when these criteria are satisfied, "we exercise our discretion to correct only those errors that 'seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings."  Id. (quoting United States v. Olano, 507 U.S. 725, 730-36, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993)).

Angeles-Mascote argues that the factual basis was not sufficient to support his guilty plea because the facts he stipulated to do not demonstrate that he was "found in" the United States. The indictment alleged that Angeles-Mascote was "an alien who had been previously deported, knowingly, and unlawfully entered and was *found in* the United States."  (emphasis added).  The factual resume which was signed by the government and defendant as a basis for the plea agreement stated that for the government to be able to establish the guilt of the defendant for the offense alleged in the indictment, the government must prove beyond a reasonable doubt: 1) that on or about the date alleged in the indictment the defendant was an alien, 2) that the defendant has been previously arrested and deported from the United States, and 3) that thereafter the defendant was *found in* the United States, and 4) that the defendant had not received the consent of the Attorney General of the United States to apply for readmission to the United States since the time of the defendant's previous deportation. (emphasis added).

Angeles-Mascote challenges whether the facts as stipulated to by himself and the government, support a finding that he was "found in" the United States.  The facts of the present case are similar to those in United States v. Canals-Jimenez, 943 F.2d 1284 (11th Cir. 1991).  In Canals-Jimenez, the defendant , a citizen of the Dominican Republic, had been deported after a conviction for distribution of cocaine.  Id. at 1285.  Subsequent to his deportation the defendant arrived in Miami from Santa Domingo on an American Airlines flight.  Id.  He approached an immigration officer and presented his passport, which had a stamp indicating that the defendant had been granted a temporary green card.  See id.  After further inquiry by the immigration officers, the defendant admitted that he was a former resident of the United States who had been

3

deported.  See id.  The grand jury returned an indictment against the defendant charging him with being "found in" the United States knowingly and unlawfully without the Attorney General's consent in violation of 8 U.S.C. § 1326(a).  Id. at 1286.  The Eleventh Circuit held that these facts could not support a finding that the defendant was guilty of actually entering and being found in the United States.  The court stated:

> The phrase 'found in' is synonymous with 'discovered in'.  Any party who voluntarily approaches an INS station cannot be said to have been found or discovered in the United States.  Any alien who seeks admission through a recognized immigration port of entry might be guilty of entering or attempting to enter the United States but not of being found in the United States.

Id. at 1287.

In the present case, as established in the stipulated facts, Angeles-Mascote voluntarily approached the immigration officer at Dallas Fort Worth International airport.  Therefore, it cannot be said that he was discovered in or found in the United States. The appropriate indictment in the present case would have been to charge Angeles-Mascote with attempting to enter the United States after previously being deported.  This court has previously acknowledged that there is a clear distinction between actual entry into the United States, and attempted entry.  See United States v. Cardenas-Alvarez, 987 F.2d 1129, 11-32-33 (5th Cir. 1993).  That distinction being that "actual entry" has been found by most courts to require both  physical presence in the country as well as freedom from official restraint, while "attempted entry" only requires that the person approach a port of entry and make a false claim of citizenship or non-resident alien status.  Id. at 1133.  In the present case, the stipulated facts establish only that Angeles-Mascote approached the port of entry at the airport, and presented immigration officials with an alien registration card.  Therefore, the factual basis of the guilty plea does not support the charge in the indictment that Angeles-Mascote was "found in" and entered the United States.

The government urges us to find that even if the factual basis is insufficient none of Angeles-Mascote's substantial rights were affected because a charge of attempted entry provides

4

for the same statutory maximum sentence as a charge of actual entry.[1]  This argument is unpersuasive.  An indictment is intended to provide notice to the defendant that allows him to intelligently consider his defense or plea.  See United States v. Chappell, 6 F.3d 1095, 1099 (5th Cir.1993) ( indictment must charge essential elements of the crime to allow preparation of a defense).  We have previously found that defects in an 8 U.S.C. § 1326 indictment are not harmless when an essential element of the offense is not specified in the indictment.  See United States v. Carbrera-Teran, 168 F.3d 141 (5th Cir. 1999).  Therefore, the indictment's failure to charge Angeles-Mascote with attempted entry, instead of actual entry cannot be found to be harmless error.

CONCLUSION

For the reasons assigned above, we find that the district court committed plain error in accepting Angeles-Mascote's guilty plea.  The factual basis as stipulated to by the parties failed to establish that the defendant entered or was found in the United States after deportation, in violation of 8 U.S.C. § 1326.  We also find that this error affected the defendant's substantial rights.  Having found plain error and that the error affected Angeles-Mascote's substantial rights, we exercise our discretion to correct this error.  Accordingly, we vacate Angeles-Mascote's guilty plea and remand for further proceedings consistent with this opinion.

---

[1] Angeles-Mascote also contends that his conviction was invalid because the government failed to prove he had specific intent to violate 8 U.S.C. § 1326.  However, Angeles-Mascote acknowledges that this court has previously found that specific intent is not an element of the statute, and that reasonable mistake is not a valid defense.  See United States v. Trevino-Martinez, 86 F.3d 65, 68-69 (5th Cir. 1996); United States v. Ortegon-Uvalde, 179 F.3d 956, 959 (5th Cir. 1999).