IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-40155

Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

versus

RICARDO JOEL GUTIERREZ, also known as "Rickey" Gutierrez

Defendant-Appellant

Appeal from the United States District Court
For the Southern District of Texas
USDC No. C-98-CR-283-5

June 15, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ricardo Joel Gutierrez appeals his guilty-plea conviction and sentence for aiding and abetting to possess with intent to distribute approximately ninety kilograms of marijuana.

Gutierrez asserts that he requested the presence of counsel at his presentence interview, that his request was denied, and that he was harmed thereby. "On request, the defendant's counsel is entitled to notice and a reasonable opportunity to attend any

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interview of the defendant by a probation officer in the course of a presentence investigation." Fed. R. Crim. P. 32(b)(2). Gutierrez claims that he was harmed by the to failure give his attorney notice and an opportunity to attend the presentence interview, because he did not understand that the presentence report held him responsible for a larger amount of marijuana attributable to counts that were dismissed.

Gutierrez did not object to the presentence report. When a defendant fails to object to the presentence report we review his claims on appeal for plain error. *See United States v. Dean*, 59 F.3d 1479, 1494 (5th Cir. 1995). The record does not show that Gutierrez requested his attorney's presence at the interview or that his attorney asked for notice and an opportunity to be present. Furthermore, Gutierrez does not show that he failed to understand the presentence report, so he cannot show that his counsel's absence affected his substantial rights. At his sentencing hearing, Gutierrez stated that he had read the presentence report and discussed it with his counsel, who answered all his questions. Gutierrez shows neither a violation of Rule 32(b) nor harm resulting thereby.

Gutierrez argues that the district court erred in accepting the presentence report's finding him responsible for 680 kilograms of marijuana rather than 90 kilograms. The 90 kilograms were attributable to the count to which he pleaded guilty, and the rest

were attributable to dismissed counts. The presentence report states that Gutierrez said that he hired others to transport marijuana on the same date as the date on which he transported the marijuana for which he pleaded guilty. Relevant conduct includes conduct that was "part of the same course of conduct or common scheme or plan as the offense of the conviction." U.S.S.G. § 1B1.3(a)(2). Gutierrez now objects to the presentencing report's treating the fact that he hired persons to transport marijuana on the date of the offense to which he pleaded guilty as relevant conduct.

Since he failed to object to the presentencing report we must review his claim for plain error. *See United States v. Dean*, 59 F.3d at 1494. Plain error is error that is obvious and affects the complaining party's substantial rights. *See United States v. Angeles-Mascote*, 206 F.3d 529, 530 (5th Cir. 2000). However, "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993)(quoting *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991)(alteration in original). The factual issue Gutierrez raises on appeal cannot be plain error.

Finally, Gutierrez asserts that he was denied effective assistance of counsel because his attorney failed to object to the presentence report. We review a claim of ineffective assistance of

3

counsel on direct appeal only where the record allows to evaluate the merits of the claim. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). The record does not enable us to evaluate the merits of this claim.

AFFIRMED.