**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————

No. 00-41258

(Summary Calendar)

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANUEL TORRES CAMACHO,

Defendant - Appellant.

———————————————————————————

Appeal from the United States District Court
For the Southern District of Texas
U.S.D.C. No. C-00-CR-110-4

———————————————————————————

August 24, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Manuel Torres Camacho ("Torres") appeals his guilty plea conviction of conspiracy to possess with intent to distribute in excess of 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841 (a)(1)(A). We affirm.

———————————

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Torres contends that the factual basis for his guilty pleas was insufficient as a matter of law. Torres did not contest the sufficiency of the factual basis for his guilty plea below. As a result, we review this claim for plain error only. *See United States v. Marek*, 238 F.3d 313, 315 (5th Cir. 2001) (*en banc*) (applying plain error review to challenge to sufficiency of factual basis of a plea raised for the first time on appeal). In order to show plain error, Torres must show that: (1) there was error; (2) the error was "clear or plain"; (3) that it affected his substantial rights. *See United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000). Furthermore, we exercise our discretion to correct the error only when failure to correct that error would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *Id.* Federal Rule of Criminal Procedure 11(f) requires the district court to insure that there is a factual basis for the plea. "This factual basis must appear in the record and be sufficiently specific to allow the court to determine whether the defendant's conduct is within the ambit of the statute's prohibitions." *United States v. Angeles-Mascote*, 206 F.3d 529, 530 (5th Cir. 2000) (quotations and citation omitted).

First, Torres maintains that the factual basis was insufficient because it failed to establish when his home was used for the conspiracy, and, thus, there is no indication that the use of his house occurred during the time of the conspiracy. This claim is without merit. The prosecutor's recital of the factual basis for the charges showed that Torres was a member of the conspiracy during the period alleged in the indictment. Thus, we find there was no error.

Second, Torres also contends that the failure to mention the amount of drugs in the factual basis renders it insufficient for a conviction under § 841(a)(1) and § 841(b)(1)(A), and runs afoul of *Apprendi*. We finding this claim unavailing. Here, the indictment set forth the drug quantity, which the court read aloud at the plea hearing. It matters not that the amount stated in the indictment was

not restated in the government's factual proffer. *See United States v. Adams*, 961 F.2d 505, 509 (5th Cir.1992) ("If sufficiently specific, an indictment can be used as the sole source of the factual basis for a plea."). Accordingly, we find no error.

For the foregoing reasons, we AFFIRM Torres's conviction and sentence.