IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20096
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS LINDSEY SALES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-129-ALL
---------------------
August 28, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:*

Douglas Lindsey Sales appeals his guilty plea for being a felon in possession of ammunition and felon in possession of explosives. Sales contends that there was an insufficient factual basis to support his plea and that this court should reconsider its jurisprudence regarding the constitutionality of 18 U.S.C. § 922(g) and 18 U.S.C. § 842(I) in light of <u>Jones v. United States</u>, 529 U.S. 848 (2000), and <u>United States v. Morrison</u>, 529 U.S. 598 (2000). Because Sales raises this issue for the first time on appeal, we review the issue for plain

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  United States v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2000).

"This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question."  See United States v. De Leon, 170 F.3d 494, 499 (5th Cir.), cert. denied, 528 U.S. 863 (1999).  The cases cited by Sales do not affect this determination.  The "in or affecting commerce" element of 18 U.S.C. § 922(g)(1) requires only a minimal nexus between the firearm and interstate commerce.  United States v. Gresham, 118 F.3d 258, 265 (5th Cir. 1997).  This element is satisfied because the ammunition and explosives possessed by Sales previously traveled in interstate commerce.  United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).  Accordingly, the judgment of the district court is AFFIRMED.