IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41235
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN LOPEZ-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-95-CR-188-5
--------------------
May 3, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:*

Juan Lopez-Gonzalez appeals the district court's decision revoking his supervised release based on a determination that he attempted to reenter the United States illegally after he had previously been deported following an aggravated felony conviction. Lopez-Gonzalez argues that the district court abused its discretion in finding by a preponderance of the evidence that

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

he violated the conditions of his supervised release by attempting to reenter the United States illegally and by illegally reentering the United States. He argues that he merely approached the immigration inspectors to determine whether he could enter the United States legally. A review of the evidence supports the district court's determination by a preponderance of the evidence that Lopez-Gonzalez attempted to reenter the United States illegally by presenting a resident alien card that he knew was invalid. See United States v. Angeles-Mascote, 206 F.3d 529, 531-32 (5th Cir. 2000); United States v. Cardenas-Alvarez, 987 F.2d 1129, 1132-33 (5th Cir. 1993). Therefore, the district court did not abuse its discretion in revoking Lopez-Gonzalez's supervised release based on this finding. See United States v. Grandlund, 71 F.3d 507, 509 (5th Cir. 1995).

For the first time on appeal, Lopez-Gonzalez argues that the offense of attempted reentry into the United States is a specific intent crime and that he did not have specific intent to reenter the United States. Because he did not raise this argument in the district court, review is limited to plain error. See Angeles-Mascote, 206 F.3d at 531-32. We have held that illegal reentry into the United States in violation of 8 U.S.C. § 1326 is a general intent offense. See United States v. Guzman-Ocampo, 236 F.3d 233, 238-39 (5th Cir. 2000), cert. denied, 121 S. Ct. 2600 (2001); see also United States v. Barrios-Centeno, 250 F.3d 294, 299 (5th

2

Cir.), <u>cert</u>. <u>denied</u>, 122 S. Ct. 288 (2001).  Lopez-Gonzalez has not shown that the district court's failure to find that he specifically intended to attempt to reenter the United States illegally was clear or obvious error which amounts to plain error.

AFFIRMED.