UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40780
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EUGENIO GUTIERREZ-MONTEMAYOR,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Southern District of Texas, Brownsville
(B-01-CR-69-1)
_____

July 23, 2002

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

Defendant Eugenio Gutierrez-Montemayor appeals a guilty-plea conviction for illegal reentry into the United States following deportation for a prior aggravated felony in violation of 8 U.S.C. § 1326 (a), (b)(2). He argues that the factual basis of this guilty plea was insufficient to support the charge that he was "found in" the United States.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

Defendant concedes that, because he failed to object to the sufficiency of the factual basis of his plea, we must apply plain error analysis to this review. See United States v. Henry, 288 F.3d 657, 664 (5th Cir. 2002). To show a plain error, Defendant must show that: (1) there was an error; (2) the error was clear or obvious; and (3) the error affects substantial rights. Id.

This Court has read § 1326(a) to require proof of four elements to obtain a conviction for illegal reentry: (1) alienage; (2) arrest and deportation; (3) reentry into or unlawful presence in the United States; and (4) lack of the Attorney General's consent to reenter. See United States v. Flores-Peraza, 58 F.3d 164, 166 (5th Cir. 1995).

The government presented to the district court a summary of evidence that would constitute the factual basis of Defendant's plea. Defendants admitted that the government's summary was true. On February 1, 2001, Defendant, posing as an American citizen, entered the United States from Mexico by bridge. In Sarita, Texas, Defendant drove into a Border Patrol checkpoint. He produced a birth certificate in the name of Marcos Segura. The agents determined that the birth certificate had been altered. Upon questioning Defendant, the agents learned his true identity. Further investigation revealed that he was a Mexican citizen who had illegally entered the United States after being deported following an aggravated felony conviction. They also determined that Defendant lacked consent from the Attorney General to reenter the United States.

Defendant argues that the factual basis is insufficient to sustain a charge of illegal entry under 8 U.S.C. § 1326, because he voluntarily presented himself to the Border Patrol agents. He directs us to United States v. Angeles-Mascote, 206 F.3d 529 (5th Cir. 2000), for support. In Angeles-Mascote, this Court held, under plain error review, that the factual basis was insufficient

to sustain a charge of illegal reentry, because Angeles-Mascote had approached the port of entry at the Dallas Fort Worth International Airport and presented an alien registration card to the immigration officer. Id. at 530–32. We held that, because Angeles-Mascote had voluntarily presented himself to the immigration officer, he had not been "discovered in" or "found in" the United States. Id.

Angeles-Mascote is easily distinguishable from the instant case. Angeles-Mascote approached an official port of entry. Defendant, on the other hand, was apprehended at an interim border checkpoint. The Sarita checkpoint is approximately 100 miles inside the United States. See United States v. Chavez-Chavez, 205 F.3d 145, 147 (5th Cir. 2000). Angeles-Mascote had not actually passed through the Dallas port of entry. Defendant, however, had entered the United States through deceit and had been free to move about the country for an indefinite period of time. Furthermore, Angeles-Mascote voluntarily presented himself as himself to the immigration officers. In contrast, Defendant presented himself as Marcos Segura in an attempt to evade discovery. He did not voluntarily present himself as himself.

Defendant also argues that 8 U.S.C. § 1326(b)(2) is unconstitutional. He concedes that this argument is foreclosed by the Supreme Court's holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998), and raises it only to preserve the argument for Supreme Court review.

Given the factual distinctions between the instant case and Angeles-Mascote, the district court did not plainly err in accepting Defendant's plea. Accordingly, we AFFIRM the district court's judgment.