IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41344
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-116-1
--------------------
March 20, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pedro Martinez (Martinez) appeals his guilty-plea conviction and sentence for possession with intent to distribute cocaine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Martinez argues that the factual basis is insufficient under FED. R. CRIM. P. 11(f) to support his guilty plea because it does not establish the element of the offense that he knew the quantity of cocaine that he possessed.  Martinez asserts that Apprendi v. New Jersey,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

530 U.S. 466, 490 (2000), established that the drug quantity is an element of the offense for which he was convicted. Martinez's contention, which he raises for the first time on appeal, is reviewed for plain error only. See United States v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2000).

Martinez's argument is foreclosed by United States v. Gamez-Gonzalez, ___ F.3d ___, (5th Cir. Jan. 27, 2003, No. 02-40297), 2003 WL 168650 at *3-4, in which we held that a defendant's knowledge of the drug type or quantity is not an element of the § 841 offense. Accordingly, the Government was not required to establish a factual basis that Martinez knowingly possessed the specific drug quantity alleged in the indictment. See id.

Martinez does not challenge any other element of the factual basis of his plea as insufficient. Moreover, the record shows that the Government established the factual basis for all the elements of Martinez's offense. Consequently, there was a sufficient factual basis to support Martinez's guilty plea, and the district court did not commit plain error in accepting the plea. See Angeles-Mascote, 206 F.3d at 530.

Martinez also contends that the district court erred by sentencing him under 21 U.S.C. § 841 because that statute's assignment of penalties based on the types and quantities of controlled substances is facially unconstitutional in light of Apprendi. As Martinez concedes, his argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000);

accord, Gamez-Gonzalez, 2003 WL 168650 at *5.  He raises the issue only to preserve it for Supreme Court review.

Accordingly, the judgment is hereby AFFIRMED.