United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 2, 2003**

Charles R. Fulbruge III
Clerk

REVISED SEPTEMBER 10, 2003

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-40212
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SILVESTRE HERNANDEZ-GAINZAR,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-630-1

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Silvestre Hernandez-Gainzar appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b)(2) by attempting to enter the United States without permission following his conviction for an aggravated felony and subsequent deportation. For the first time on appeal, Hernandez argues that § 1326(b) is unconstitutional because it treats a prior conviction for a felony

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or aggravated felony as a sentencing factor and not as an element of the offense. However, he acknowledges that this argument is contrary to *Almendarez-Torres v. United States*,[1] in which the Supreme Court held that enhanced penalties under § 1326(b) are sentencing provisions, not elements of a separate offense. As we have noted, *Apprendi v. New Jersey*[2] did not overrule the Court's holding in *Almendarez-Torres*, and we must follow *Almendarez-Torres* "unless and until the Supreme Court determines to overrule it."[3] Hernandez's conviction and sentence are therefore AFFIRMED.

Hernandez also asserts that we should remand his case to the district court for correction of a clerical error in the judgment. The Government concedes that remand is appropriate pursuant to Federal Rule of Criminal Procedure 36 for the limited purpose of correcting the judgment to reflect that the offense of conviction was attempted illegal reentry rather than being "found in" the United States illegally.[4]

AFFIRMED; REMANDED FOR THE LIMITED PURPOSE OF CORRECTING CLERICAL ERROR IN JUDGMENT.

---

[1] 523 U.S. 224 (1998).

[2] 530 U.S. 466 (2000).

[3] *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000).

[4] *See United States v. Angeles-Mascote*, 206 F.3d 529, 531 (5th Cir. 2000).