**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
April 9, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41212
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO BALDERAS-ROMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. B-03-CR-365-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Pedro Balderas-Roman appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b)(2) by attempting to enter the United States without permission following his conviction of an aggravated felony and subsequent deportation. For the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first time on appeal, Balderas argues that 8 U.S.C. § 1326(b) is unconstitutional on its face because it treats a prior conviction of a felony or aggravated felony as a sentencing factor and not as an element of the offense. He acknowledges, however, that this argument is contrary to <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which holds that enhanced penalties under § 1326(b) are sentencing provisions, not elements of a separate offense. <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), did not overrule <u>Almendarez-Torres</u>, and we must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court determines to overrule it." <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). Balderas's conviction and sentence are therefore AFFIRMED.

Balderas also asserts that we should remand for correction of a clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36. Because this argument does not fall within the scope of Balderas's sentence-appeal waiver, we remand for the limited purpose of correcting the judgment to reflect that the offense of conviction was attempted illegal reentry rather than being "found in" the United States illegally. <u>See</u> <u>United States v. Angeles-Mascote</u>, 206 F.3d 529, 531 (5th Cir. 2000).

AFFIRMED; REMANDED FOR THE LIMITED PURPOSE OF CORRECTING CLERICAL ERROR IN JUDGMENT.