**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30275
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENDRICK STRINGFELLOW,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50091-4
---------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Kendrick Stringfellow pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846.  He was sentenced to 188 months of imprisonment and five years of supervised release, and a $100 special assessment was imposed.  He appeals his conviction and sentence, arguing that the factual basis articulated in the district court is insufficient to establish the elements of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime and that the district court erred by accepting the guilty plea.

Generally, this court reviews for clear error the district court's acceptance of a guilty plea as a factual finding. United States v. Reasor, 418 F.3d 466, 470 (5th Cir. 2005). When a defendant allows an error in a guilty-plea colloquy to pass without objection, this court reviews for plain error only. United States v. Vonn, 535 U.S. 55, 59 (2002). Stringfellow asserts that he objected in the district court to the sufficiency of the factual basis and that his argument should be reviewed for clear error. Although Stringfellow voiced an objection in the district court to the testimony that established the factual basis, he limited the objection to its use in connection with the Sentencing Guidelines. Because Stringfellow did not challenge the sufficiency of the factual basis in the district court, review is for plain error. United States v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2002).

To establish a drug conspiracy in violation of 21 U.S.C. § 846, the Government must establish beyond a reasonable doubt that (1) an agreement existed to violate the narcotics laws, (2) the defendant knew of the agreement, and (3) the defendant voluntarily participated in it. United States v. Morgan, 117 F.3d 849, 853 (5th Cir. 1997). The testimony of Special Agent Robert Fortune was sufficient to provide a factual basis for the elements of the crime. Stringfellow's concern regarding the

testimony was limited to the characterization of his role as an "enforcer." He did not dispute the testimony that he was involved in delivering drugs and money. Further, Stringfellow admitted that he participated in the drug conspiracy. Stringfellow fails to establish plain error. Accordingly, the judgment of the district court is AFFIRMED.