United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-41433
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIOS LIMONES-ALVARADO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-96-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lucios Limones-Alvarado (Limones) pleaded guilty to one count of attempting to reenter the United States without permission after having been deported. Limones contends that 8 U.S.C. § 1326(b), under which he was convicted, is unconstitutional.

Limones's constitutional challenge to 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Limones contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Limones properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Limones also asserts that this court should remand for correction of a clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36.  We remand for the limited purpose of correcting the judgment to reflect that the offense of conviction was attempted illegal reentry rather than Limones having been "found in" the United States illegally.  <u>See</u> <u>United States v. Angeles-Mascote</u>, 206 F.3d 529, 531 (5th Cir. 2000).

AFFIRMED; REMANDED FOR THE LIMITED PURPOSE OF CORRECTING CLERICAL ERROR IN JUDGMENT.