United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41497
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO TOVAR-ESPINOSA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-138
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Fernando Tovar-Espinosa (Tovar) pleaded guilty to one count of attempting to reenter the United States without permission after having been deported. Tovar contends that 8 U.S.C. § 1326(b), under which he was convicted, is unconstitutional. The Government does not seek to invoke the appeal waiver and has thus waived the issue. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tovar's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Tovar contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Tovar properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Tovar also asserts that this court should remand for correction of a clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36. We remand for the limited purpose of correcting the judgment to reflect that the offense of conviction was attempted illegal reentry rather than Tovar having been "found in" the United States illegally. See United States v. Angeles-Mascote, 206 F.3d 529, 531 (5th Cir. 2000).

AFFIRMED; REMANDED FOR THE LIMITED PURPOSE OF CORRECTING CLERICAL ERROR IN JUDGMENT.