United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51335
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS CARRILLO, JR., also known as Lie,
also known as Old Boy,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-48-2
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Elias Carrillo, Jr., appeals his guilty-plea conviction for

conspiracy to manufacture, distribute, and possess with intent to

distribute more than 50 grams of crack cocaine in violation of

21 U.S.C. §§ 841(a)(1) and 846.  He contends that the factual

basis was insufficient to support his conviction because it

failed to establish the essential elements of the crime of

conspiracy.  Because Carrillo did not challenge the sufficiency

of the factual basis in the district court, review is for plain

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  United States v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2000).  The Government does not seek to invoke the appeal waiver and has thus waived the issue.  See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

The factual basis provided ample evidence from which to infer that a conspiracy to manufacture, distribute, and possess with intent to distribute more than 50 grams of crack cocaine existed and that Carrillo participated in the conspiracy knowingly and voluntarily.  The factual basis detailed a conspiracy beginning on or about April 15, 1996, and continuing through March 16, 2005, involving 21 named conspirators and others.  The factual basis described at least nine coded phone calls between Carrillo and named and unnamed coconspirators discussing various drug trafficking activities.  Further, the factual basis provided that on September 1, 2004, Carrillo aided and abetted an unnamed coconspirator in the possession with intent to distribute of more than 50 grams of crack cocaine, as well as distribution of 5 grams of crack cocaine on August 24, 2004.  Therefore, the factual basis was sufficient to support the district court's acceptance of Carrillo's guilty plea.  Accordingly, Carrillo has failed to establish plain error, and the district court's judgment is AFFIRMED.