The UNITED STATES of America

v.

Martir Javier AYALA AYALA, Defendant.

No. 07–M–2028.

United States District Court, W.D. New York.

Jan. 24, 2007.

Gregory L. Brown, Assistant United States Attorney, Buffalo, NY, for Plaintiff.

Timothy W. Hoover, Federal Public Defender's Office, Buffalo, NY, for Defendant.

Decision & Order

SCOTT, United States Magistrate Judge.

The complaint in this matter charges the defendant with a violation of 8 U.S.C.

§ 1326. It is alleged that the defendant was "found at" the Peace Bridge Port–of–Entry at Buffalo, New York on or about January 15, 2007. It is undisputed that Ayala–Ayala had been previously deported from the United States and that he did not apply for permission to reenter. The Criminal Complaint and supporting affidavit assert that the defendant was a passenger on a commercial bus attempting to cross into Canada; that the defendant was refused entry into Canada by the Canadian authorities. It appears that the Canadian authorities allowed the defendant to get into a taxi and proceed to come back into the United States.

The defendant, through the cab driver, presented a Honduran passport and a Canada Border Services Agency form indicating that Ayala–Ayala was refused entry into Canada to Customs and Border Protection officers. The taxi was referred to the secondary inspection area for an admissibility review. Upon investigation, it was determined that the defendant had previously been removed from the United States, that he had a criminal record; and that he was currently wanted by New York State for failing to register as a sex offender.

Ayala–Ayala is charged with being "found at the Peace Bridge Port of Entry, at Buffalo, New York ... after having been previously deported and without having received permission from the Secretary of the Department of Homeland Security to re-enter the United States in violation of Title 8, United States Code, Section 1326(a) and (b)(1)." (Docket No. 1).

Section 1326(a) provides that:

any alien who—(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

The defendant argues that the complaint must be dismissed because Ayala–Ayala's discovery by U.S. border officials after being turned away by Canadian authorities does not constitute being "found in" the United States pursuant to § 1326. In support of this contention, the defendant points to *United States v. Canals–Jimenez*, 943 F.2d 1284 (11th Cir.1991) and *United States v. Angeles–Mascote*, 206 F.3d 529 (5th Cir.2000). The defendant also relies upon this Court's prior decision in *United States v. Kreider*, 06–M–2157, which dismissed a similar criminal complaint based upon the findings in *Canals–Jimenez* and *Angeles–Mascote*. The government argues that those cases do not require the dismissal of the complaint in this matter. Further, the government notes that in *Kreider*, the Grand Jury included a § 1326 charge against that defendant in a subsequently issued indictment. Kreider moved to dismiss that count of the indictment based upon the very arguments urged in the instant case. There, the District Court refused to dismiss the § 1326 charge and allowed the matter to proceed to the jury (which ultimately acquitted Kreider of the § 1326 charge). See *United States v. Kreider*, Index No. 06CR251S. The determination in *Kreider* as to the

validity of a count in an indictment does not impact the analysis as to the facial sufficiency regarding the criminal complaint in this matter.

The cases cited above demonstrate that aliens who are denied entry into our country at one of the Ports–of–Entry at our border are not considered to have entered the United States. Thus, in the instant case, Ayala–Ayala was not "found in" the United States at the time he was arrested at the Peace Bridge pursuant to § 1326.

Based on the above, the criminal complaint is dismissed without prejudice.

So Ordered.