United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20222
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL REBOLLAR, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-523-2
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raul Rebollar, Jr., appeals his guilty plea convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine and aiding and abetting possession with intent to distribute five kilograms or more of cocaine.  He contends that the factual basis was insufficient to support his convictions.  Because Rebollar did not challenge the sufficiency of the factual basis in the district court, review is for plain error.  United States v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The factual basis provided sufficient evidence to infer that Rebollar was not just merely present at the scene of a crime, but rather that he voluntarily agreed to conspire with others to possess with intent to distribute five kilograms or more of cocaine. The factual basis reflects that on February 25, 2004, Rebollar met with an undercover narcotics officer and traveled with the officer to a residence where another coconspirator negotiated a drug transaction. The next day, the undercover narcotics officers met with Rebollar and three named coconspirators at the same residence. At the residence, the negotiations regarding the drug transaction continued. Rebollar was arrested while he and the other coconspirators were in route to conclude a transaction for five kilos of cocaine with the undercover narcotics officers.

The fact that Rebollar may have played a minor role and did not actually possess the cocaine is not determinative of whether he is guilty of conspiracy. See United States v. Gonzales, 866 F.2d 781, 788 (5th Cir. 1989); United States v. Ayala, 887 F.2d 62, 68 (5th Cir. 1989). Additionally, Rebollar's intent to distribute the cocaine can be inferred from the quantity of cocaine involved, specifically 14 kilograms. See Ayala, 887 F.2d at 68. The factual basis further provided sufficient evidence to show that Rebollar associated with the criminal venture and sought by his actions for the venture to succeed. See United States v. Garcia, 242 F.3d at 593, 596 (5th Cir. 2001); United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995).

Accordingly, Rebollar has failed to establish plain error and the district court's judgment is AFFIRMED.