United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-30273
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNIE JERMAINE LEWIS, also known as D-Lew,

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Louisiana
(2:04-CR-20145-5)**

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty, Donnie Jermaine Lewis appeals his conviction and 235-month sentence for conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846.

For the first time on appeal, Lewis challenges the sufficiency of his plea agreement's stipulated factual basis, maintaining: it failed to establish the essential elements of the crime of conspiracy; and it was undermined by his subsequent statements. Lewis failed to raise this challenge during his guilty-plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

colloquy and did *not* attempt to withdraw his plea. Accordingly, our review is for plain error only. *See* **United States v. Vonn**, 535 U.S. 55, 59 (2002); **United States v. Angeles-Mascote**, 206 F.3d 529, 530 (5th Cir. 2000). Under such review, Lewis must show a clear or obvious error that affected his substantial rights. *E.g.*, **Angeles-Mascote**, 206 F.3d at 530. Even then, we retain discretion to correct the error; ordinarily, we will *not* do so unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. **Id.**

In his stipulation, Lewis admitted that, over the course of approximately six years, he conspired with his co-defendant and others to distribute a controlled substance. Lewis did *not* subsequently dispute this admission. Therefore, he fails to establish plain error. *See* **United States v. Morgan**, 117 F.3d 849, 853 (5th Cir. 1997) ("To establish a drug conspiracy in violation of 21 U.S.C. § 846, the government must prove ... (1) an agreement existed to violate narcotics laws, (2) the defendant knew of [it], and (3) the defendant voluntarily participated in it.").

As Lewis properly concedes, his challenge to our court's presumption of reasonableness afforded a sentence imposed within a properly-calculated guidelines range is foreclosed. **Rita v. United States**, 127 S. Ct. 2456 (2007); **United States v. Alonzo**, 435 F.3d 551, 554-55 (5th Cir. 2006).

2

Lewis also properly concedes his challenge based on the guidelines sentencing disparity between cocaine and crack offense levels is foreclosed by *United States v. Leatch*, 482 F.3d 790 (5th Cir. 2007).  He raises it only to preserve its possible further review.

*AFFIRMED*