**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 8, 2011

Lyle W. Cayce
Clerk

No. 11-50109
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONY EDWARD BOGUSZEWICZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-138-2

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tony Edward Boguszewicz appeals his conviction following his guilty plea to damaging an energy facility, causing a significant interruption and impairment of the function of the rig and damages in excess of $5000. Boguszewicz argues that the district court lacked jurisdiction to enter judgment based on a violation of 18 U.S.C. § 1366 because it does not apply to moveable equipment that is a component of a drilling rig that is at a location for the purpose of having maintenance and service performed on the drilling rig. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50109

asserts that a facility the produces or stores electricity or fuel is not moveable and that its moveable component parts do not fall within the statutory definition of a "facility."

Boguszewicz's assertion that the district court lacked jurisdiction over the case is without merit. The prosecution of Boguszewicz under § 1366 is a case arising under the laws of the United States. U.S. Const. art. III, § 2 cl. 1. More specifically, it is a case involving a federal crime, over which federal district courts have jurisdiction pursuant to 18 U.S.C. § 3231. *See United States v. Robinson*, 119 F.3d 1205, 1212 n.4 (5th Cir.1997). Thus, the district court had jurisdiction to adjudicate the matter.

A district court cannot enter a judgment of conviction based on a guilty plea unless it is satisfied that there is a factual basis for the plea. FED. R. CRIM. P. 11(f); *United States v. Reasor,* 418 F.3d 466, 469 (5th Cir. 2005). "A guilty plea does not waive the right of a defendant to appeal a district court's finding of a factual basis for the plea on the ground that the facts set forth in the record do not constitute a federal crime." *Reasor*, 418 F.3d at 470. Because Boguszewicz did not object to the lack of a factual basis for the plea, review is for plain error. *See United States v. Angeles-Mascote*, 206 F.3d 529, 530 (5th Cir. 2000).

As both parties acknowledge, there is no case law determining whether or not an energy facility includes its mobile parts. For an error to be "plain," it must be "clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993). Because there is no precedent in any circuit on this issue, any error committed was not plain or obvious. Boguszewicz cannot demonstrate that the district court plainly erred in finding that there was a factual basis supporting his plea.

The judgment is AFFIRMED.