# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2015

Lyle W. Cayce
Clerk

No. 14-41080
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN GUILLEN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-46-6

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Martin Guillen pleaded guilty to conspiring to possess with intent to distribute more than five kilograms of cocaine, specifically, approximately 21.98 kilograms gross weight of cocaine, and was sentenced to the 120-month statutory minimum sentence, which was the guidelines sentence. For the first time on appeal, he challenges the sufficiency of the factual basis for his guilty plea and the procedural and substantive reasonableness of his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41080

We review for plain error.  *See United States  v. Angeles-Mascote*, 206 F.3d 529, 530 (5th Cir. 2000) (factual basis); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (sentence).  To establish plain error, Guillen must show a forfeited error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Even if Guillen makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

"To prove conspiracy under 21 U.S.C. § 846, the [G]overnment must establish that:  (1) an agreement existed between two or more persons to violate federal narcotics law, (2) the defendant knew of the existence of the agreement, and (3) the defendant voluntarily participated in the conspiracy." *United States v. Daniels*, 723 F.3d 562, 570 (5th Cir. 2013) (internal quotation marks and citation omitted).  When, as here, the indictment alleges a conspiracy to distribute an amount of a controlled substance that triggers enhanced penalties under 21 U.S.C. § 841(b)(1)(A), the Government must also establish (4) the quantity of the alleged drug.  *Id.*  Guillen challenges only the knowledge and participation elements.

Guillen admitted that he retrieved packages of what he knew to be cocaine and delivered them to a codefendant's apartment.  The factual basis was sufficiently specific to allow the district court to determine that Guillen's conduct satisfied the knowledge and participation elements of a conspiracy. *See id.*  Guillen has not shown that the district court erred, plainly or otherwise, in finding a legally sufficient factual basis for his guilty plea.

Arguably, Guillen's challenges to the procedural and substantive reasonableness of his sentence were waived by Guillen's counsel's comments

No. 14-41080

at sentencing.  Even if Guillen's challenges were merely forfeited, for the reasons addressed below, Guillen has not shown plain error.

Because the 120-month statutory minimum was greater than the otherwise applicable guidelines range, 120 months became the guidelines range.  *See* U.S.S.G. § 5G1.1(b); § 841(b)(1)(A).  Any error in calculating the otherwise applicable range, such as not applying a minimal role reduction, did not affect Guillen's substantial rights.

The district court lacked authority to sentence Guillen below the statutory minimum because the Government did not file a motion pursuant to 18 U.S.C. § 3553(e), and Guillen was ineligible for the "safety valve" because he had more than one criminal history point; he had six.  *See* § 3553(f)(1); U.S.S.G. § 5C1.2(a)(1); *see also United States v. Harper*, 527 F.3d 396, 411 (5th Cir. 2008).  Guillen's conclusional assertions that the district court determined his criminal history category by double counting and that one of his two prior convictions would not have disqualified him for the safety valve fail to demonstrate that the district court erred, plainly or otherwise, by not applying the safety valve.

AFFIRMED.