# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2021

Lyle W. Cayce
Clerk

No. 19-50744
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TRAMAINE RASHAD MINOR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-9-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Tramaine Rashad Minor was charged in a superseding indictment with distributing heroin (count one); possessing with the intent to distribute at least 100 grams of a mixture or substance containing heroin (count two); being a felon in possession of a firearm (count three); and possessing a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

firearm in furtherance of a drug trafficking crime (count four).  *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2), (c)(1)(A)(i); 21 U.S.C. § 841(a)(1), (b).  He pleaded guilty of the offenses.  Minor now appeals.

For the first time on appeal, Minor argues that the district court erred in accepting his pleas of guilty for the firearms offenses charged in counts three and four of the superseding indictment because the factual basis to which he agreed was insufficient to support those convictions.  He notes a discrepancy between the October 30, 2017 offense date alleged in the superseding indictment and the October 30, 2018 offense date in the factual basis.

Because Minor did not argue in district court that the factual basis for his guilty pleas was insufficient, we review his challenge to the factual basis for plain error only.  *United States v. Trejo*, 610 F.3d 308, 318-19 (5th Cir. 2010).  To prevail on plain error review, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If a defendant meets the first three prongs of the plain error analysis, the decision to correct the forfeited error is within the court's discretion, which it will not exercise unless "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).  To show that a Rule 11 violation affected his substantial rights, a defendant must demonstrate "a reasonable probability that, but for the error, he would not have entered the plea."  *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

"Before accepting a defendant's plea of guilty and entering judgment thereon, a trial court is required to determine that there is a factual basis for the plea." *Id.*; Fed. R. Crim. P. 11(b)(3).  "The intention of Rule 11(b)(3) is to protect a defendant who voluntarily pleads guilty with an understanding

of the nature of the charge but 'without realizing that his conduct does not actually fall within the definition of the crime charged.'" *Id.* (quoting *United States v. Angeles–Mascote,* 206 F.3d 529, 530 (internal quotation marks omitted)). "The factual basis for a guilty plea must be in the record." *Id.* It also must be "sufficiently specific to allow the court to determine whether the defendant's conduct is within the 'ambit of the statute's prohibitions.'" *Angeles–Mascote,* 206 F.3d at 530 (quoting *United States v. Gobert,* 139 F.3d 436, 439 (5th Cir. 1998)). "Thus, the district court must compare (1) the conduct to which the defendant admits; and (2) the elements of the offense charged in the indictment. *Broussard*, 669 F.3d at 546. "'In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction,' and draw any fair inferences from the evidence." *Id.* (quoting *Trejo,* 610 F.3d at 313, 317).

To obtain a conviction for being a felon in possession, the Government was required to prove that (1) Minor was previously convicted of a felon; (2) Minor knowingly possessed a firearm; (3) the firearm traveled in or affected interstate commerce; and (4) Minor knew he belonged to the relevant category of persons barred from possessing a firearm. § 922(g)(1); *United States v. Johnson*, 990 F.3d 392, 400 (5th Cir. 2021). To obtain a conviction for possessing a firearm in furtherance of a drug trafficking crime, the Government was required to prove that Minor "had either actual or constructive possession of a firearm and that the possession furthered, advanced, or helped forward the drug trafficking offense." § 924(c)(1)(A)(i); *see United States v. Suarez*, 879 F.3d 626, 632 (5th Cir. 2018). By accepting Minor's guilty pleas, the district court implicitly found that conduct admitted by Minor was sufficient to satisfy every element of those offenses. *See Broussard*, 669 F.3d at 546.

No. 19-50744

Minor does not argue that the facts to which he admitted failed to establish each of the essential elements of the offenses alleged in counts three and four of the superseding indictment.[1]  Rather, Minor's challenge to the factual basis supporting his pleas focuses solely on the one-year discrepancy between the offense date alleged in the superseding indictment and the offense date admitted in the factual basis.  However, "an allegation as to the time of the offense is not an essential element of the offense charged in the indictment and, within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient."  *United States v. Lokey*, 945 F.2d 825, 832 (5th Cir. 1991) (internal quotation marks and citation omitted).  The offense date of October 30, 2018, as established by Minor's admissions in the factual basis, was prior to the return of the superseding indictment in 2019 and was within the five-year statute of limitations set forth in 18 U.S.C. § 3282(a).

Furthermore, Minor has not shown that the district court's acceptance of his guilty pleas affected his substantial rights.  Although Minor complains that he was allowed to plead guilty to two firearm offenses for which he was not charged, he has not asserted that he would not have pleaded guilty if he had been aware that the date of the offense he admitted to, as alleged in the factual basis, was not correctly reflected in the indictment.  Indeed, it appears from the record that the 2017 dates for the offenses alleged in counts three and four of the superseding indictment were simply

---

[1] Minor does not argue in light of *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), that the factual conduct he admitted was insufficient to establish that he knew he was a felon at the time he possessed the weapon that led to his conviction of the § 922(g) offense.  He has waived any argument that the factual basis was insufficient on that ground. *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010) (holding that an argument that is not raised and briefed on appeal is deemed abandoned).

typographical errors that went unrecognized by the parties.[2]  Accordingly, on this record, Minor has not established plain error.  *Cf. United States v. Knowlton*, 993 F.3d 354, 359 (5th Cir. 2021); *United States v. Valdez*, 453 F.3d 252, 260 (5th Cir. 2006).

Minor also asks us to remand his case to the district court for correction of the written judgment because it erroneously states that he was adjudged guilty under count two of violating § 841(a)(1) and (b)(1)(B)(i) rather than § 841(a)(1) and (b)(1)(C).  Minor was charged in count two of the superseding indictment with "possessing with the intent to distribute . . . at least 100 grams of a mixture or substance contained a detectable amount of heroin."  However, the district court granted his motion at sentencing to amend the indictment to remove the language of "at least 100 grams" because the heroin recovered fell below that amount.  The written judgment should be corrected to accurately reflect the offense.  *See* Fed. R. Crim. P. 36.

Accordingly, the district court's judgment is AFFIRMED.  The case is REMANDED for correction of the clerical error in the written judgment. *See* Fed. R. Crim. P. 36.

---

[2] Notably, the possession with intent to distribute heroin offense charged in count two of the superseding indictment alleges an offense date of October 30, 2018.