# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51220
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER HURTADO PONCE, also known as Javier Ponce, also known as Gilbert Granados,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-1160

Before DENNIS, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

The district court sentenced Javier Hurtado Ponce (Hurtado) to a 37-month term of imprisonment following his guilty plea to attempted illegal reentry of a deported alien. *See* 8 U.S.C. § 1326. He argues that the sentence, which is at the bottom of the advisory guidelines range, is substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51220

unreasonable because it is greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a).

Hurtado did not present this argument in the district court.  Thus, our review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).  Although Hurtado challenges the application of the plain error standard, he concedes that his argument is foreclosed.  *See id.*  To show plain error, Hurtado must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

As Hurtado acknowledges, his argument challenging the presumption of reasonableness due to the lack of an empirical basis for U.S.S.G. § 2L1.2 is foreclosed by our precedent.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 & n.7 (5th Cir. 2009); *see also United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  We also have consistently rejected the "staleness" and "international trespass" arguments that Hurtado asserts.  *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Finally, Hurtado's argument that the district court failed to consider his personal history and circumstances is contradicted by the record, which reflects that the district court considered his request for a below-guidelines sentence based on the staleness of his prior crime-of-violence conviction and his health problems, the Government's opposition to that request, and Hurtado's allocution.  The district court therefore made the requisite individualized determination based on the facts and arguments presented and

in light of the § 3553(a) factors.  *See Gall v. United States*, 552 U.S. 38, 50 (2007).

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007).  Hurtado has not shown that the district court failed to give proper weight to his arguments or to any particular § 3553(a) factor.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  He has failed to rebut the presumption of reasonableness that attaches to his within-guidelines sentence, *see Alonzo*, 435 F.3d at 554-55, and he has not shown that the district court plainly erred.  *See Puckett*, 556 U.S. at 135; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

We also note that there is a clerical error in the judgment.  Hurtado was charged with and pleaded guilty to attempted illegal reentry.  The written judgment describes the offense of conviction as "illegal reentry."  "[T]here is a clear distinction between actual entry into the United States, and attempted entry."  *United States v. Angeles-Mascote*, 206 F.3d 529, 531 (5th Cir. 2000).  Under Federal Rule of Criminal Procedure 36, a district court may correct a clerical error in a judgment at any time.  Furthermore, we may review clerical errors in the judgment for the first time on appeal and remand a case to the district court with instructions to correct the errors in the judgment.  *See United States v. Powell*, 354 F.3d 362, 371-72 (5th Cir. 2003).  We remand to the district court for the limited purpose of correcting the judgment to reflect that Hurtado was convicted of attempted illegal reentry.

AFFIRMED;   REMAND   FOR   THE   LIMITED   PURPOSE   OF CORRECTING THE CLERICAL ERROR IN THE JUDGMENT.